CITY OF LANSING *v.* DAWLEY.

1. MUNICIPAL CORPORATIONS—POLICE POWER—ZONING ORDINANCE.
   In exercise of police power, city has right to enact zoning ordinance, but this right is subject to vested property interests acquired before its enactment.

2. CONSTITUTIONAL LAW—VESTED PROPERTY RIGHTS—ZONING ORDINANCE.
   Where holder of valid building permit had done nothing of a substantial character toward erecting building for business purposes at time of enactment of valid zoning ordinance prohibiting such buildings in proposed location, when permit was revoked, the holder had no vested property interests entitling him to erect said building in violation of ordinance.

3. INJUNCTION—LACHES.
   Where apartment houses for residential purposes were permitted under zoning ordinance, and plaintiffs did not know until after excavation was finished and footings put in late in October, that part of building was to be used for business purposes, which use was prohibited by ordinance, it cannot be said that they were guilty of laches in bringing suit to enjoin its construction, where suit was commenced November 2d.

Appeal from Ingham; Collingwood (Charles B.), J. Submitted April 4, 1929. (Docket No. 64, Calendar No. 34,294.) Decided June 3, 1929.

Bill by City of Lansing, Mark C. Carpenter, and another against Henry A. Dawley to enforce zoning ordinance. From a decree for plaintiffs, defendant appeals. Affirmed.

*J. E. Converse,* City Attorney, for plaintiff corporation.

*Thomas, Shields & Silsbee,* for plaintiff Carpenter and another.

*A. M. Cummins,* for defendant.

McDONALD, J. The purpose of this suit was to restrain the defendant from erecting a business building on a lot in the city of Lansing in violation of a zoning ordinance which prohibits the erecting of any building within that area except for residential use.

On April 16, 1927, under the ordinance then in effect, the defendant was refused a permit for the erection of the building. He instituted mandamus proceedings, with the result that the ordinance was held to be invalid and the city was compelled to issue the permit. On June 13, 1927, a valid ordinance covering the same subject-matter was passed by the common council. This ordinance became effective on July 24, 1927. On August 10th, the city returned the defendant's license fee and advised him that his permit had been revoked. The defendant ignored this notice and the plaintiffs began suit. The defendant justifies his position on the theory that, in reliance on a valid ordinance, he had made substan-

tial expenditures of time and money, and had thus created vested property rights which could not be destroyed by the ordinance subsequently enacted. On the hearing, the circuit judge found for the plaintiffs and entered a decree restraining the construction of the building. From this decree the defendant has appealed.

In the exercise of its police power, the city of Lansing had a right to enact the ordinance in question, but this right was subject to vested property interests acquired before its enactment. The defendant contends that he has such interests and that he acquired them in reliance on a valid permit. We would be inclined to agree with him if before the enactment of the ordinance he had done anything of a substantial character towards the construction of the building. There was an old barn and house on the lot. He sold the barn and had it torn down. This he says was no loss to him. As to the old house, he testified:

"I moved the old building away to a wall on the corner to make an apartment house of it. So far as the old building was concerned, it was no loss to me in its use or its income. It was simply moved to another portion of the property to be repaired and employed as an apartment. It has been a loss so far as it stood there. Outside of the removal of the old building from this location, there was nothing done with the construction of the new building until about a week or ten days previous to October 22d, the date of the first check to Mr. Bearup."

It thus appears that the first work done upon the new building was three months after the ordinance went into effect and after the defendant had been notified that his permit had been revoked. If he had constructed the building or partially constructed it,

if the work he did after the enactment of the ordinance had been done before, there would be no question as to his vested property rights. But he did nothing of a substantial character. He went no farther than to order the plans and cause a survey to be made of the lot. This preliminary work was not sufficient to create a vested right to erect the building. In *Rice* v. *Van Vranken,* 229 N. Y. Supp. 32, a similar claim was asserted. There the defendant had made expenditures of money for plans and specifications, for building materials and for financing a building. The court said:

"In view of the fact that no work had been commenced and no building erected or in course of construction by defendant when the ordinance became effective, the expenditures made and the obligations incurred by him in reliance upon such permits, prior and subsequently to the enactment of the zoning ordinance, are insufficient to give him a vested right to erect these apartment houses in violation thereof. * * * Evidently the test in each case as to whether a holder of a permit has acquired vested rights thereunder is, not whether he has spent much or little in reliance upon it, but rather whether there has been any tangible change in the land itself by excavation and construction."

It is our conclusion that the defendant acquired no vested right to erect this building in violation of the zoning ordinance.

It is further urged by the defendant that the plaintiffs are estopped from maintaining this suit because of their laches. This contention is without merit. The building which the defendant proposed to construct was to contain seven apartments and four stores. The building of an apartment in that location would not offend the zoning ordinance. The

building of stores would. Until the excavation was finished and the footings put in, which was late in October, the plaintiffs could not be sure that the building was to contain stores. They filed this bill on the 2d of November. There was no unreasonable delay.

The circuit judge correctly disposed of the issue. A decree will be entered in accordance herewith, with costs to plaintiffs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.