## SANDENBURGH v. MICHIGAMMÉ OIL CO.

### WHITE v. SAME

1. Municipal Corporations—Zoning Ordinance—Estoppel.

   Where, after property owners executed and delivered to city agreement establishing setback line and barring business driveway entrance, city by zoning ordinance placed premises in business class, city and property owners are estopped from invoking inconsistent provisions of setback and driveway agreement.

2. Same—Estoppel—Revoking Building Permit.

   Where purchaser of business property had performed substantial work toward construction of gasoline filling station, city was precluded from revoking building permit and later amending zoning ordinance with reference solely to said property and have it accorded retroactive effect.

3. Nuisances—Oil Station.

   A gasoline filling station is not a nuisance *per se*.

4. Same—Injunction—Nuisance Per Accidens.

   Argument that property classified as business property on which gasoline filling station is being constructed, will, because of its peculiar situation, constitute nuisance, should have been addressed to city legislative body rather than to court in suit to enjoin its erection as nuisance, but if it proves to be nuisance *per accidens*, it may call for regulation.

Appeals from Washtenaw; Sample (George W.), J. Submitted October 18, 1929. (Docket Nos. 140, 141, Calendar Nos. 34,655, 34,656.) Decided January 24, 1930. Rehearing denied April 7, 1930.

Separate bills by George Sandenburgh, city engineer of the city of Ann Arbor, and Margaret A. White and others, property owners, against the Michigamme Oil Company to restrain violation of a

___

Automobile gas filling or supply station as nuisance, see annotation in 35 A. L. R. 95; 51 A. L. R. 1224.

zoning ordinance and prevent an alleged threatened nuisance and other relief. From decrees for plaintiffs, defendant appeals. Reversed.

*Carl A. Lehman,* City Attorney, for plaintiff Sandenburgh.

*Cavanaugh & Burke,* for plaintiffs White and others.

*Frank B. DeVine,* for defendant.

Wiest, C. J. The two cases, here consolidated, are injunction bills, in behalf of the city of Ann Arbor, and by property owners, to restrain defendant from violating a zoning ordinance, to prevent an alleged threatened nuisance, and to enforce a setback line and driveway agreement running with defendant's title. In the circuit court the zoning ordinance was found applicable, and, for that reason, defendant was enjoined from building a gasoline filling station upon its property at the intersection of Washtenaw and South University avenues, in the city of Ann Arbor. Defendant appealed. Defendant's negotiations for the property resulted in its purchase under land contract on May 24, 1928. Anticipating the purchase, defendant arranged for building material and filling station accessories. In September, 1923, the city, by zoning ordinance, placed the property together with other property in the class for business. May 25, 1928, defendant applied for and upon submission of plans was granted a permit to construct a gasoline filling station on the property. At once the work of construction and its preliminaries commenced, the concrete steps of the dwelling house were removed, the private walk taken up and excavation for the building walls started. It is also

claimed that four trees were removed by special employees, but it is uncertain whether this was done then or later. May 26, 1928, at about the noon hour, notice was given to defendant by the city engineer that the permit had been revoked. The city engineer testified that he revoked the permit because his attention was called to the setback line and driveway agreement running with the land. August 6, 1928, the city council amended the zoning ordinance by placing the premises in the class for residences. A short time previous to the adoption of the zoning ordinance in 1923, the then owners of the property in question executed and delivered to the city an agreement establishing a setback line and barring a business driveway entrance from Washtenaw avenue. This agreement was made to run with the land and was recorded and defendant's land contract was made subject to its terms. We think that the city, by subsequent zoning ordinance placing the premises in the class for business, is now estopped from invoking the inconsistent provisions of the setback and driveway agreement and the other plaintiffs are equally barred. The permit was issued in true accord with the zoning ordinance then in force, and, if substantial work was commenced and performed thereunder, the city was precluded from revoking the permit and later amending the ordinance with reference solely to this property and have it accorded retroactive effect. We think the work commenced toward the construction of the building, the purchase of material and accessories, and the sums expended for labor bring the case within the exception noted in *City of Lansing* v. *Dawley,* 247 Mich. 394. Plaintiffs contend that, on account of the traffic now using two streets intersecting at that point, and another street close by, making the

corner one of five points, and the fact that the place is in a depression in the streets, the filling station will constitute a nuisance by increasing the hazard to school children, university students, pedestrians, and users of automobiles. It is well settled that a gasoline filling station is not a nuisance *per se*. The argument that a filling station at that point will prove a nuisance *per accidens* should have been addressed to the city legislative body at some time during the nearly 5-year period that the zoning ordinance classed the premises for business use. If the filling station proves to be a nuisance *per accidens,* then as we said in *Adams* v. *Kalamazoo Ice & Fuel Co.,* 245 Mich. 261, it may call for regulation. The cases from other jurisdictions, cited in the briefs of counsel, disclose such an irreconcilable divergence of opinion that we content ourselves with our holding in the *Dawley Case.* Under the zoning ordinance and the regular permit issued, defendant did not proceed and expend money at the peril of revocation of the permit and change of right by subsequent amendment to the zoning ordinance. The decrees are reversed, and the bills dismissed, with costs to the defendant.

BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., took no part in this decision.