## JUDKINS et al. v. FRONK.

No. 7600.   Decided August 16, 1951.   (234 P. 2d 849.)

See 43 C. J. S., Injunction, sec. 123.   Change of law pending application for building permit. 9 Am. Jur., Buildings, sec. 9; 169 A. L. R. 584.

*Derrah B. Van Dyke, Samuel C. Powell,* Ogden, for appellant.

*Lewis J. Wallace, Glenn W. Adams,* Ogden, for respondents.

WADE, Justice.

Boyd N. Fronk, the appellant herein, obtained a license to build a service station and store in connection therewith on June 7, 1945. The building was to be erected on the northeast corner of 20th Street and Harrison Avenue, in a residential "B" zoning district in Ogden, Utah. At the time the permit was issued to appellant, the building of gasoline service stations in residential "B" districts was a conforming use. The building permit issued contained the condition that unless the construction of the building was commenced within 60 days from the date the permit was issued or if after the work was commenced it was suspended for 60 days, the permit would be void. This condition of the permit was in accord with the Ogden City Building Code which contained a provision,

"Every permit issued by the Building Official under the provisions of this Code shall expire by limitation and become null and void, if the building or work authorized by such permit is not commenced within 60 days from the date of such permit, or if the building or work authorized by such permit is suspended or abandoned at any time after the work is commenced for a period of 60 days."

Upon obtaining the permit, appellant began work by having his property surveyed, clearing the brush and expending a substantial sum to have this property which was rather hilly, excavated and the dirt removed. He then obtained two one thousand gallon tanks which he placed on the property to install and later obtained some fill pipes to attach to them and had them installed some time in February, 1946, after he had dug the trenches for them. In March, 1946, he had the tanks installed and covered. Appellant also bought some used brick for use in the build-

ing, which he stored at his home. Appellant then tried to obtain lumber and other necessary materials but did not do so because there was in effect at this time and had been since 1942 a Federal control and rationing system of vital war materials among which were materials essential to building. Under this rationing system, it was necessary for appellant to apply to the Civilian Production Administration for a priority number to obtain materials with which to build and upon doing so his applications were refused by that board. Because of this, he was unable to obtain materials, to continue his work looking towards the construction of the gasoline service station. This control over building mateials was terminated in July, 1947, but such materials were still difficult to obtain for about another year. In the meanwhile, appellant had done no further work since March, 1946, except obtaining a couple of wash basins and toilets in the fall of 1947 which were to be put into the building.

On August 12, 1946, Ogden City amended its zoning ordinances so that the building of service stations became a non-conforming use in residential "B" zoning districts. On October 13, 1948, appellant applied to the City Engineer, who is the building official authorized to issue building permits, for a renewal of his permit and when he was denied a renewal in that office he applied to the Board of City Commissioners that same day. The city engineer advised the Board of Commissioners that at the time the original permit was issued a service station was a permissble use in that zone but since then a new zoning ordinance made it a non-conforming use. The Board decided to grant appellant's application. Judkins, Miller, Oborn and De Bloois, respondents herein, who are residents and owners of a property close to the site where appellant proposed to construct his service station, upon learning of the action of the Board filed a protest with it. A hearing was held and the Board sustained its previous action; respondents thereupon filed this suit in the district court seeking to enjoin defendant from construction of the service station.

The court granted the injunction and Fronk appeals from this judgment.

It is appellant's contention that having obtained a valid permit to build a service station and in reliance thereon expended funds and did work, he thereby obtained a vested right which could not be affected by a subsequent zoning ordinance making his proposed use of the building a non-conforming use. He argues that this vested right was not lost when national war emergency legislation prevented him from obtaining priorities for building materials necessary to continue his work and therefore the Board of City Commissioners acting as an administrative board, since there was no Board of Examiners and Appeals as provided by the Building Code of Ogden City, had the power to review his case and renew his permit. Appellant does not contend the Board had the power to grant a new permit as an exception to the new zoning ordinance.

Appellant cites a number of authorities in support of his proposition that where a valid permit to build is obtained and money is expended and work started thereunder in good faith, the permittee has a vested right and such permit cannot be arbitrarily revoked because a subsequent zoning ordinance makes the use for which the permit was originally granted a non-conforming use. See Annotations in 40 A. L. R. commencing on p. 928 and 138 A. L. R. commencing on p. 500; *Dobbins* v. *City of Los Angeles,* 195 U. S. 223, 25 S. Ct. 18, 49 L. Ed. 169; *Trans-Oceanic Oil Corp.* v. *City of Santa Barbara,* 85 Cal. App. 2d 776, 194 P. 2d 148; *City of Little Falls* v. *Fisk,* Sup. 24 N. Y. S. 2d 460; *Atlas* v. *Dick,* 192 Misc. 843, 81 N. Y. S. 2d 126, reversed on facts in 275 App. Div. 670, 86 N. Y. S. 231; *New York State Investing Co.* v. *Brady,* 214 App. Div. 592, 212 N. Y. S. 605; *Pelham View Apartments, Inc.* v. *Switzer,* 130 Misc. 545, 224 N. Y. S. 56; *Sandenburgh* v. *Michigamme Oil Co.,* 249 Mich. 372, 228 N. W. 707, and *Wikstrom* v. *City of Laramie,* 37 Wyo. 389, 262 P. 22. We have carefully read all the authorities cited by appellant but find

them of no aid to him under the facts of this case. In none of these cases, does it appear that the permittee's failure to comply with the conditions of the permit was the cause of the revocation or loss of rights. Even though it is granted that appellant's expenditures and the work he did in reliance upon the permit created a vested contract right which could not be arbitrarily taken away by a change in a subsequent zoning ordinance and even were we to sustain appellant's contention that his prevention by the war emergency legislation to perform the time elements of the permit legally excused such performance and his right to continue work under his old permit was not lost while such legislation was still in effect, still, appellant had not applied for a new permit until more than one year had passed after the Federal government had removed all priority controls on building materials in July, 1947. From that day, his rights could be no greater than that given to him by his permit and the building code ordinances of Ogden City. Under the provisions of that permit appellant had a right to continue construction to completion if he did not suspend work for 60 days after it was started. If he did suspend work for 60 days after he had commenced it, the permit became void, but under the building code adopted by Ogden City he could apply for a new permit to recommence such work if the suspension or abandonment of work had not exceeded one year and no changes had been or would be made in the original plans and specifications. In view of the fact that even after the government had removed all controls, he still did not perform the conditions of his permit and had suspended work for 60 days his permit became void. The loss of his right was not occasioned by the change in the zoning ordinance but by his own failure to comply with the conditions of the permit. When appellant suspended work for 60 days, his permit by its own provisions became void. There was no need for a revocation, it expired by its own limitations as provided in the Building Code which Ogden City adopted by ordinance. See *Giordana* v. *Mayor and Council of Borough of*

*Dumont,* 137 N. J. L. 740, 61 A. 2d 245, 246, 6 A. L. R. 2d 956, wherein a building permit to construct a filling station was issued which contained the condition that if work was not commenced within one year it would expire. Work was not commenced within one year and in the meantime a new zoning ordinance was passed making such use a non-conforming use. A few months after the passage of the new ordinance, the permittee applied for and obtained a second permit from the building inspector. This later permit was revoked because it was contrary to the provisions of the amended zoning ordinance. The permittee, who was the appellant in that case, argued that it was an extension or renewal of the original permit although there was nothing in the permit to show that it was either an extension or a renewal. The court therein said:

"* * * The appellant concedes that no work had been commenced within one year from June 19, 1945, the date of issuance of the permit; it therefore expired by its own limitation and, having thus expired, was not susceptible of extension or renewal after its expiration. Accordingly, we do not agree that the second permit was an extension or renewal of the first permit."

In the instant case, the building code adopted by Ogden City provides that where work has been abandoned or suspended for 60 days before

"such work can be recommenced a new permit shall be first obtained so to do, and the fee therefor shall be one-half the amount required for a new permit for such work, provided no changes have been made or will be made in the original plans and specifications for such work; and provided, further, that such suspension or abandonment has not exceeded one year."

However, appellant did not even apply for the new permit within one year after the Government restrictions were removed and therefore having lost his rights under the original permit by failure to comply with its provisions, and having failed to timely apply for a new permit in accordance with the right given him under Ogden's Building Code, he lost whatever right he may have had to compel there-

under the issuance of a new permit because of the work and money expended in reliance on the old permit.

Under these circumstances, it is not necessary for us to decide whether the Board of City Commissioners could act as a Board of Examiners and Appeals to correct manifest injustices. Though the Ogden City Building Code provides for the appointment of such Board, none has been appointed. If it were conceded that the City Commission could review the actions of the City Engineer in denying this permit in case of manifest injustice, here, there was no manifest injustice shown for appellant allowed the permit to expire and become void by his failure to comply with its conditions within one year after the emergency legislation had ceased to hinder his construction.

Since appellant had lost whatever rights he had by his failure to act timely and it is conceded, as well it might be, that a new permit could not be granted as an exception to the new zoning ordinance, see *Walton* v. *Tracy Loan & Trust Co.,* 97 Utah 249, 92 P. 2d 724, it follows that the court did not err in granting the injunction.

Affirmed. Costs to respondents.

WOLFE, C. J., and McDONOUGH and CROCKETT, JJ., concur.

HENRIOD, J., did not participate.