PAKA CORPORATION *v.* CITY OF JACKSON.

1. MUNICIPAL CORPORATIONS—ZONING—VALUE FOR DIFFERENT USE.
    The mere fact that land may have a greater selling value for a
    possible use of a different character than that for which it is
    zoned is not a sufficient basis for holding the ordinance in-
    valid, as applied to such property, although it is a matter
    to be considered with other elements affecting the situation.

2. SAME—ZONING—RESIDENCE—SHOPPING CENTER—EVIDENCE—VIEW
    OF PREMISES.
    Holding of circuit judge that plaintiff owner of 15-acre tract,
    which it had purchased in order to erect a shopping center,
    had not sustained its burden of proof of showing zoning ordi-
    nance restricting its use to 1- or 2-family residences was
    invalid as applied to its property *held*, not at variance with the
    weight of the evidence, consisting of witnesses' opinions which
    were in sharp conflict, and view of the premises by the trial
    judge.

3. SAME—ZONING ORDINANCE—PRESUMPTIONS.
    A municipal zoning ordinance is presumed to be valid, a pre-
    sumption which may be overcome only by clear and satisfactory
    proof.

Appeal from Jackson; Falahee (Charles J.), J.
Submitted April 12, 1961. (Docket No. 66, Calendar
No. 48,536.) Decided September 22, 1961.

Bill by Paka Corporation, a Michigan corporation,
against City of Jackson, a municipal corporation, to
enjoin enforcement of zoning ordinance and classifi-
cation of plaintiff's property so as to prohibit com-

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Zoning § 140.
[2, 3] 58 Am Jur, Zoning § 16.

mercial use. Bill dismissed. Plaintiff appeals. Affirmed.

*Rosenburg, Painter, Stanton & Bullen (Charles A. Nelson,* of counsel), for plaintiff.

*Guy E. Christian* and *C. Edwin Carraher,* for defendant.

CARR, J. Plaintiff herein is the owner of a parcel of land located in the southwestern part of the city of Jackson and comprising approximately 15 acres. Said tract lies at the southwest corner of Jasper street and Fourth street in said city. On the west side thereof is located the right-of-way and tracks of the New York Central Railroad Company and on the south is land owned by the Union School District, presently held for future use for school purposes, and a golf course in a public park. Said 15-acre tract, together with contiguous lands, was annexed to the city of Jackson in 1926. It was classified under the zoning ordinance, previously adopted, as R–2, for 1- and 2-family residences. Plaintiff acquired the land by purchase in January, 1955, as a part of a 65-acre tract for which the sum of $50,260.60 was paid.

In its bill of complaint plaintiff asserted that the zoning classification imposed upon the 15-acre tract is unreasonable and in effect constitutes a deprivation of plaintiff's property without just compensation, in violation of constitutional rights. The pleading further alleged that no residences have been constructed on said land, that on contiguous property zoned in like manner nonconforming structures have been permitted, that the property along Fourth street has been developed in past years as commercial property, and that the tract now in dispute is desirable for commercial purposes but not for resi-

dential purposes. It was asserted that billboards have been erected on property zoned as R–2, that a garage and automobile repair shop and an antique shop have also been permitted to operate, and that other minor violations have occurred.

Emphasis was also placed in the pleading on the location of the right-of-way of the New York Central Railroad, it being claimed with reference thereto that the operation of trains rendered the property in question unsuited for residential purposes. It was also asserted by plaintiff that the 15-acre tract had little or no market value for use as zoned, but that it was of considerable value for business and commercial purposes. The court was asked to decree that the zoning ordinance as applied to said property of the plaintiff was unreasonable and unconstitutional, and injunctive relief was sought to restrain the city from classifying the property other than as C–3, for commercial, merchandising, and service businesses. Plaintiff asserted in the trial court that it wished to establish a shopping center on the property, claiming that it was best adapted to such use.

Plaintiff did not make formal application for a change in the zoning of the property although the matter was discussed with certain city officials. Defendant moved to dismiss the bill of complaint because of the lack of a formal application for modification of the zoning as applied to the 15-acre tract. The motion was denied, and thereafter defendant filed answer to the bill of complaint denying plaintiff's claims as to the invalidity of the existing zoning ordinance as applied to said property, and denying that the various nonconforming uses permitted, or tolerated, in surrounding territory zoned as R–2 were of a serious nature or such as to change the character of the neighborhood. It was affirmatively averred by defendant city that the land directly in question was suitable for residential use, and that it was

adapted to the purposes for which it was zoned. It was further asserted on behalf of defendant that the general welfare, health, and safety would be best served by developing the property for residential purposes rather than for a shopping center, or other commercial uses.

On the hearing of the cause the parties to the suit introduced proofs to support their respective positions. On behalf of plaintiff a number of witnesses testified that the land was more valuable for commercial use than for residential purposes, and particularly that a shopping center might be located there to advantage. It may be noted, however, that, with one exception, none of plaintiff's witnesses expressed an opinion that the tract had no value as a residential section. Various factors considered to have a bearing on the matter at issue were gone into in some detail, including the character of the land, drainage problems, contiguous property, the location of the railroad tracks, and the proximity of shopping centers already in existence. Some emphasis was placed on the contemplated use of the school lands and on the location of the public park contiguous to plaintiff's property.

On behalf of defendant witnesses familiar with the situation testified at some length in support of the claim that the best use of the property was for residential purposes in accordance with its zoning classification under the ordinance, and that the creation of a shopping center would not be conducive to the proper development of the community or to the well-being of the public generally. Some emphasis was placed by said witnesses on the increased street traffic that would result from the establishment of a shopping center, or from commercial uses generally, and the problems that would result therefrom.

Among other witnesses produced by defendant was John W. Hyde, professor of planning at the

University of Michigan. Professor Hyde indicated an impressive background in his field, and also a familiarity with the situation existing in the city of Jackson with particular reference to the property in question. Discussing the problem from the various angles, he concluded that the land in question was a "very suitable residential area", and that the best use of the land was for residential purposes. Other witnesses also familiar with the situation expressed similar opinions. In other words, we are confronted in the case with the not unusual situation in which witnesses with backgrounds of experience were not in accord as to their conclusions.

The trial judge, after listening to the proofs of the parties, filed an opinion in which he discussed at some length the situation presented and the claims advanced on both sides. He also viewed the property and the immediate area surrounding it. It was his conclusion that the nonconforming uses allowed in the vicinity of the property did not affect the availability of the 15-acre tract for residential purposes. He also determined from the proofs that the tract could be developed as a residential area, and that the land was valuable for such use. Referring particularly to the decision of this Court in *Brae Burn, Inc.,* v. *City of Bloomfield Hills,* 350 Mich 425, he rejected the claim that a disparity in the value of the property for commercial purposes and such value for residential uses was a sufficient basis on which to hold the ordinance invalid as applied to plaintiff's property. A decree was entered accordingly dismissing the bill of complaint.

We are impressed that the so-called nonconforming uses to which plaintiff has called attention in its pleadings and proofs do not materially affect the situation. It does not appear that such uses are of a character, generally speaking, possessing permanency, or that their presence will materially interfere

with the development of the tract as residential property. The proofs offered by plaintiff are not convincing that residential development is impracticable. It does not appear that in the past any attempt has been made to establish the immediate area in question as a residential subdivision. It is not disputed that the owner thereof prior to 1955 took the position that it wished to sell the entire tract consisting of 145 acres, including the 15 acres here involved, and at no time offered individual lots for sale to prospective home builders.

Since 1955, when the plaintiff acquired ownership, its purpose has been to construct the shopping center as a commercial enterprise, and there is no claim on its part that it has attempted residential development. In other words, the practical situation is that no attempt has been made to promote the sale of building lots in the tract, it apparently being considered by the owners that commercial use would be more profitable. However, as has been repeatedly recognized by this Court and by other courts, the mere fact that land may have a greater selling value for a possible use of different character than that for which it is zoned is not a sufficient basis for holding the ordinance invalid, as applied to such property, although, of course, it is a matter to be considered with other elements affecting the situation. In *Village of Euclid* v. *Ambler Realty Co.*, 272 US 365 (47 S Ct 114, 71 L ed 303, 54 ALR 1016), it was claimed by the owner of the tract of land in question that it had a market value of approximately $10,000 per acre for industrial uses but if limited to residential purposes such value would not exceed $2,500 per acre. Nonetheless, in a decision that is regarded as one of the leading zoning cases of the country, the court declined to hold the ordinance invalid as applied to said property.

This Court has in numerous zoning cases, including the recent decisions in *Lamb* v. *City of Monroe,* 358 Mich 136, and *June* v. *City of Lincoln Park,* 361 Mich 95, considered the general principles applicable in determining a controversy of this nature. As before noted, the opinions of the witnesses produced by the parties on the hearing before the circuit judge were sharply in conflict. The circuit judge came to the conclusion that plaintiff had not sustained the burden of proof resting on it of showing that the ordinance was invalid as applied to its property. We do not think that such holding can be said to be at variance with the weight of the evidence in the case, or that we would have determined otherwise had we been in the position of the trial judge. The presumption obtains that the ordinance was valid and such presumption may be overcome only by clear and satisfactory proof.

On the basis of the record before us we think the trial judge came to the correct conclusion and the decree entered is affirmed, with costs to appellee.

DETHMERS, C. J., and KELLY, TALBOT SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.