EXPERT STEEL COMPANY *v.* CITY OF CLAWSON.

1. MUNICIPAL CORPORATIONS—BUILDING PERMIT—CONSTRUCTION OF WALL—FINDING OF TRIAL COURT.

   Finding of trial judge in suit to enjoin city's interference with construction of addition to plaintiff's industrial purpose building that earlier permit allowed construction of a 14' fence and wall for future building use and that the wall and foundation were those of a proposed building *held,* supported by evidence and proper under record presented.

2. SAME—BUILDING PERMIT—CONSTRUCTION OF ADDITION—CHANGE OF ZONING ORDINANCE.

   The construction of L-shaped 14' wall 20' to rear of building used for industrial purposes and then 80'5" parallel to rear of

existing building *held,* to have vested a right in the plaintiff to complete the building as authorized by the permit that had been given pursuant to the original application, under which permit such substantial construction had been made toward the addition prior to change of city zoning ordinance relative to such type of buildings.

3. SAME—ZONING ORDINANCE.

The application of a city zoning ordinance must be tested in the light of the facts in the individual case.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—NONCONFORMING USE UNDER AMENDED ZONING ORDINANCE.

Affirmance of decree of trial judge permitting completion of addition to industrial type building pursuant to an original application, and building permit issued pursuant thereto, where construction of a substantial character had created a vested right to erect such addition, rendered unnecessary the discussion of other questions raised as to validity of amendment to zoning ordinance making such addition a nonconforming use.

Appeal from Oakland; Adams (Clark J.), J. Submitted November 8, 1962. (Docket No. 56, Calendar No. 49,392.) Decided December 31, 1962.

Bill by Expert Steel Treating Company, a Michigan corporation, against the City of Clawson, a municipal corporation, and Leonard C. Hendricks, city manager, to restrain interference with building construction. Decree for plaintiff. Defendants appeal. Affirmed.

*John H. Norton (Theodore F. Hughes,* of counsel), for plaintiff.

*Maurice A. Merritt* and *Charles H. Losey,* for defendants.

KAVANAGH, J. Plaintiff filed a bill of complaint in the Oakland county circuit court seeking to restrain the defendant city and its manager and employees.

from interfering with plaintiff's construction of an addition to its building. Plaintiff alleged it had a vested right to build under an old permit, and that it could not be divested of such right by a new zoning ordinance adopted by defendant city.

Defendant city answered denying that the building permit authorized the construction of the proposed addition. The city stated, as an affirmative defense, that the building permit was issued on the basis of and pursuant to plans filed by plaintiff with the city. Defendants deny plaintiff's right to complete any existing structure. They further deny in their answer that defendant city's zoning ordinance is so unreasonable as to be void as to plaintiff's property.

The facts upon which plaintiff's cause of action rests are as follows:

Plaintiff is the owner of real estate in the city of Clawson zoned "Industrial A" under a city ordinance. There exists on the property a building approximately 80 feet by 80 feet in dimensions, which building has existed for a number of years and has been subject to industrial usage. Plaintiff purchased the property in November of 1958, and since that time it has been used as a heat-treating plant.

In May of 1959 plaintiff made application to the city of Clawson for a building permit to erect a "wall of rear of building for future building use—12 inch block—42 inch footings—100 feet will be a 6-foot fence of 8-inch block." Prior to the issuance of the permit, the city building inspector was advised of plaintiff's intention and purpose to ultimately extend the building to the east line of plaintiff's property. Pursuant to the application and other information, the city of Clawson, through its building inspector, issued the said building permit.

Plaintiff subsequently constructed a 14-foot wall 20 feet in length along the south line of its property from the southeast corner of its existing building to

the southeast corner of the lot. From this point plaintiff installed a 14-foot wall 80 feet 5 inches in length along the easterly line of its property paralleling the rear of the existing plant structure. Along the balance of its east lot line plaintiff erected a wall 8 feet in height. The completed 14-foot structure, viewed from above, had the appearance of an "L" extending from the southeast corner of the plant and lacked an extension of the existing north wall and a roof to be contiguous to the existing building.

In March of 1960 plaintiff procured plans from an architect for the construction of a building utilizing the 14-foot wall built in 1959. The new plans called for an increased height for the 1959 wall and a new wall 48 feet in length coursing west from the end of the 14-foot wall to be joined by a 20-foot extension from the north wall. The resultant enclosed space was to be covered with a roof.

On March 17, 1960, defendant city issued a building permit to plaintiff to complete the addition pursuant to the plans and specifications. Three days later the city manager advised plaintiff that the building permit issued on March 17, 1960, was improperly issued and that plaintiff could not complete its structure since the city had made a change in the zoning ordinance which had been in effect since October 6, 1959. This zoning ordinance change provided, among other things, for a set-back line of 60 feet to the rear of the industrial frontage. The city manager made it clear the city would institute police action, if necessary, to prevent further activity pursuant to said building permit. Having exhausted its other remedies, plaintiff filed the bill of complaint.

At the close of the trial, the circuit judge filed a written opinion in which he held that the new plans submitted in February, 1960, provided for an increased height for the south and east walls and a

20-foot by 48-foot extension of the walled area to the north, all to be covered with a roof.

The trial judge stated in his opinion that "it was agreed that the only issue of fact was whether the 14-foot masonry construction of 1959 constituted a fence or the wall of a future building." The trial judge found as a matter of fact that the existing structure was the wall and foundation of a building and that if such a building had been completed in 1959, there could have been no complaint; that the problem arose by reason of the effective date of the amended ordinance in the fall of 1959 which made the 1959 structure a nonconforming use of plaintiff's property.

The trial judge further held that to deny plaintiff the use of the existing structure would be to deprive plaintiff of his property without due process of law. He refused to permit the proposed construction to be increased in accordance with the February, 1960, application, but entered a decree permitting plaintiff to complete the building as commenced in 1959. He spelled out that the plaintiff was rightfully entitled to put a roof on 80 feet 5 inches of the existing 14-foot wall, lay a floor, and fill in the open north end, all to be done in accordance with the applicable building code requirements. He directed the defendant city and its appropriate officials to issue a permit for that purpose.

Defendants are here on appeal, raising the following questions:

1. Did the issuance of a building permit by the defendant, on May 11, 1959, create a "vested property right" in plaintiff to construct an addition to its existing building?

2. Are amendments to zoning ordinances, regulating and determining the area of yards, courts and other open spaces, lawful and enforceable?

Defendant city argues that the first plans submitted in 1959 with the application for a building permit neither expresses nor implies that the wall drawn thereon is for future building, but rather for a wall; that the plan was approved and a permit to construct a wall was issued; that having constructed said wall pursuant to the first permit, plaintiff had a vested right only in said wall and only in the use to which said wall was then being put.

The trial judge found, as a matter of fact, and there is ample testimony to support it, that the application and permit in 1959 allowed the construction of the fence and the wall for future building use; and that said wall and foundation were those of a proposed building. In this finding we concur.

Pursuant to the application and permit, construction was started and continued to the point where, under the facts in the instant case, a vested right was obtained by plaintiff to complete the building as authorized by the permit.

This Court has held that the application of zoning laws must be tested in light of the facts in the individual case. In the case of *City of Lansing* v. *Dawley*, 247 Mich 394, this Court said (pp 396, 397):

"If he had constructed the building or partially constructed it, if the work he did after the enactment of the ordinance had been done before, there would be no question as to his vested property rights. But he did nothing of a substantial character. He went no farther than to order the plans and cause a survey to be made of the lot. This preliminary work was not sufficient to create a vested right to erect the building."

In *Sandenburgh* v. *Michigamme Oil Co.*, 249 Mich 372, this Court said (p 374):

"The permit was issued in true accord with the zoning ordinance then in force, and, if substantial work was commenced and performed thereunder, the city was precluded from revoking the permit and later amending the ordinance with reference solely to this property and have it accorded retroactive effect. We think the work commenced toward the construction of the building, the purchase of material and accessories, and the sums expended for labor bring the case within the exception noted in *City of Lansing* v. *Dawley,* 247 Mich 394."

The construction of the building wall and fence running north from the wall at a cost of approximately $3,000 took place shortly after the May 11, 1959, permit was issued. The 14-foot wall is supported by 3 pilasters or block piers reinforced with steel rods and set on a foundation 3-1/2 feet deep. This is construction of a substantial character sufficient to create a vested right to erect a building. Work was commenced toward the construction, materials purchased, and sums expended for labor. Clearly, this brings the case within the exception noted in *City of Lansing* v. *Dawley, supra,* and *Sandenburgh* v. *Michigamme Oil Co., supra.*

The trial court was correct in authorizing the completion of the building in accordance with the permit issued in 1959.

In light of the fact that no cross appeal was filed, it is not necessary to discuss the plaintiff's question of unreasonableness of the ordinance. Defendants' argument as to this question is based upon the erroneous claim that the application in 1959 was for construction of a wall and not a building. In view of our disposition of this claim in connection with the first question, we do not further discuss it or any other questions raised.

The decree of the lower court is affirmed. Plaintiff shall have costs.

Carr, C. J., and Dethmers, Kelly, Black, Souris, and Otis M. Smith, JJ., concurred.

Adams, J., did not sit.