RODD v PALMYRA TOWNSHIP

Opinion of the Court

1. Zoning—Ordinances—Amendment—Vested Rights—Trailer Parks.

A plaintiff who had spent substantial money for plans, engineering, and legal fees in preparing to construct a trailer park in the belief that the zoning ordinance then in existence was void did not obtain vested rights under the void ordinance before its amendment because he had not commenced work upon the land itself by excavation or construction.

2. Zoning—Ordinances—Presumptions—Burden of Proof—Trailer Parks.

A zoning ordinance which permits trailer park use only in a specific area of a township is presumed valid and the burden is on the party attacking the validity of the ordinance to show the unsuitability of the area chosen for trailer park purposes.

3. Zoning—Restrictions—Trailer Parks—Confiscation.

A zoning ordinance which prevented plaintiff from constructing a trailer park on his property was not confiscatory where the trial court found that the land, with proper tiling, would be excellent for farming.

Dissent by O'Hara, J.

4. Zoning—Ordinances—Presumptions—Burden of Proof—Trailer Parks.

*It is not the burden of a challenging landowner to overcome the presumption of validity of a zoning ordinance which has the practical effect of excluding trailer parks, but rather the bur-*

References for Points in Headnotes

[1] 58 Am Jur, Zoning § 149.
Municipal license as affecting municipality's exercise of police power adversely to licensee, 124 ALR 523.
[2] 58 Am Jur, Zoning § 16.
[3] 58 Am Jur, Zoning § 140.
[4] 58 Am Jur, Zoning §§ 16, 18.

*den of the governmental unit to justify the ordinance under the tests of public health, safety, and welfare.*

Appeal from Lenawee, Rex B. Martin, J. Submitted Division 3 January 11, 1972, at Lansing. (Docket No. 10957.) Decided August 28, 1972.

Complaint by Joseph Rodd, Dean D. Fritz, and Donna R. Fritz against Palmyra Township for an injunction and to have the township's zoning ordinance declared invalid. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Robertson, Bartlow & Des Chenes,* for plaintiffs.

*Walker, Watts, Timms & Sheridan,* for defendant.

Before: DANHOF, P. J., and T. M. BURNS and O'HARA,* JJ.

T. M. BURNS, J. Plaintiffs appeal as of right from a judgment in which the trial court dismissed their complaint. Plaintiffs had requested the court to enjoin defendant township from preventing them from using their property as a mobile home park.

Before commencement of this action, defendant township had been opposed to a trailer park in the area of plaintiffs Fritz' property. In fact, trailer parks were permitted nowhere in the township. After this action had been started, the township passed an amendment to the zoning ordinance which would permit trailer parks only near the northeast corner of the township on what is known as the "Weiss land".

Plaintiffs first contend that they were entitled to

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

a summary judgment on July 6, 1970, because at that time the township had no legitimate defense to plaintiffs' action.

Plaintiffs' motion was phrased exclusively in terms of GCR 1963, 117.2(3).[1] Under that rule the test is whether or not there exists any genuine issue of fact. A reading of defendant's answer to the motion reveals that there were valid issues of material fact raised, *i.e.,* the value and usefulness of plaintiffs' property; the relationship of plaintiffs' property to the overall planning of the township; the possibility of the trailer park having adverse effects on the adjoining agricultural properties; and whether or not the zoning ordinance bore a reasonable relationship to the public health, safety, and general welfare. It is, therefore, clear that the trial court was correct in refusing to grant a summary judgment based upon GCR 1963, 117.2(3).

Plaintiffs further contend, however, that the amendment which was adopted during the pendency of this suit is inapplicable to the instant case and cannot, therefore, preclude the use of plaintiffs' property for trailer park purposes. It is plaintiffs' position that they had obtained vested rights under the zoning laws in effect before the amendment by virtue of the fact that they had spent "substantial money for plans, engineering services, and legal fees, having knowledge only of the existence of the void ordinance".

In *City of Lansing v Dawley,* 247 Mich 394, 396–397 (1929), the Court stated:

"It thus appears that the first work done upon the new building was three months after the ordinance

---

[1] "(3) that except as to the amount of damages there is no genuine issue as to any material fact, and the moving party is therefore entitled to judgment as a matter of law."

went into effect and after the defendant had been notified that his permit had been revoked. If he had constructed the building or partially constructed it, if the work he did after the enactment of the ordinance had been done before, there would be no question as to his vested property rights. But he did nothing of a substantial character. He went no farther than to order the plans and cause a survey to be made of the lot. This preliminary work was not sufficient to create a vested right to erect the building. In *Rice v Van Vranken,* [132 Misc 82, 83–84] 229 NY Supp 32 [34, 35 (1928)], a similar claim was asserted. There the defendant had made expenditures of money for plans and specifications, for building materials and for financing a building. The court said:

" 'In view of the fact that no work had been commenced and no building erected or in course of construction by defendant when the ordinance became effective, the expenditures made and the obligations incurred by him in reliance upon such permits, prior and subsequently to the enactment of the zoning ordinance, are insufficient to give him a vested right to erect these apartment houses in violation thereof.

\* \* \*

Evidently the test in each case as to whether a holder of a permit has acquired vested rights thereunder is not whether he has spent much or little in reliance upon it, but rather whether there has been any tangible change in the land itself by excavation and construction.'

"It is our conclusion that the defendant acquired no vested right to erect this building in violation of the zoning ordinance."

Plaintiffs make no showing that they had commenced work upon the land sufficient to create any vested rights. They were still at the preliminary stages and, therefore, under *City of Lansing v Dawley, supra,* we find plaintiffs' second contention to be without merit.

Plaintiffs finally contend that the amended zoning ordinance as it is applied to plaintiffs' property

is an unreasonable exercise of the township police power under MCLA 125.273; MSA 5.2963(3).

Plaintiffs argue that there was no showing by the defendants that the area chosen by the township for a trailer park is suitable for trailer park purposes. However, the burden is on plaintiffs, who are attacking the validity of the ordinance, to show the unsuitability of the site chosen. *Paka Corp v City of Jackson,* 364 Mich 122 (1961). Therefore, plaintiffs cannot now complain about the absence of evidence regarding the suitability of the area chosen by defendants for the area zoned for trailer park use.

Neither can plaintiffs contend that the ordinance deprives plaintiffs of any reasonable use of the land.

"A zoning restriction deprives the zoned property of any reasonable use and is, therefore, confiscatory if all permitted uses are so devoid of feasibility that the restriction has accomplished the destruction of all usable value." *Reibel v Birmingham,* 23 Mich App 732, 739 (1970).

Although there was much testimony as to how much a trailer park would increase the value of plaintiffs' property, the trial court found that with proper tiling the land would be excellent for farming. The court also noted that much of the land in that area needed tiling to become productive. There was also testimony that plaintiffs' land would be worth $300–$400 per acre as farmland. It can hardly be said, therefore, that the ordinance deprives the property of any reasonable use.

Plaintiffs also point out the existence of other nonconforming uses in the area. There are about fifteen residences in the area along with a landfill operation and a junk yard. However, the vast

majority of the land in the area is still used for agricultural purposes and the existence of the above nonconforming uses is not, in our opinion, sufficient to bring the instant case within the ambit of *Alderton v Saginaw,* 367 Mich 28 (1962).

Affirmed.

DANHOF, P. J., concurred

O'HARA, J. *(dissenting)*. I do not perceive the issue in this case as do my colleagues.

I believe the learned trial judge stated the question involved with admirable clarity:

"If Weiss's property is entirely unsuitable for trailer park purposes, the amended ordinance is simply a subterfuge to help the township keep out trailer parks. If this is true, the ordinance is invalid. *Knibbe v City of Warren, supra* [363 Mich 283 (1961)]."

The answer he gave in the nature of a finding of fact is inconclusive.

"There was no testimony as to whether the [Weiss] land was available for such purpose, or if it was possible to move the power company's easement, or if it was possible to build a trailer park under the power lines. The court does not know one way or the other."

Ordinarily I think this would require a remand for further testimony. In this case it seems to me that it mandates reversal. To me the ordinance as applied to plaintiffs' property is clearly invalid as a mere token compliance with the settled law that trailer parks cannot be completely excluded.

It should be remembered that at the time this action was started, the defendant township had completely excluded trailer parks from its confines. The attitude of the township officials toward

requests for permission to use land for this purpose was noted by the trial court:

"It became apparent the township was opposed to a [trailer] park in this area and no township board or official would consent to it. The zoning ordinance provided for no trailer park areas whatsoever."

After plaintiffs called to the attention of the zoning officials the possible unconstitutionality of the ordinance in that form, the board suggested to plaintiff's counsel that he draft an amendment that would cure the defect. Obligingly he did so, and submitted it to the board. Instead of adopting it the board drafted its own amendment. It was carefully drawn. Not surprisingly, it excluded trailer parks from plaintiffs' land but permitted them in a small rectangular parcel not far therefrom. This latter parcel is referred to in the record as the "Weiss" property. Another subsection of the ordinance purports to permit mobile home parks "elsewhere in the township" under a special use permit and upon compliance with the township house trailer ordinance.

Thus the situation here presented is completely different from the factual setting in *Paka Corp v City of Jackson,* 364 Mich 122 (1961), cited as controlling by the majority. In this case, as I read the record, the township has in practical effect excluded trailer parks. It is not the burden of the challenging landowner to overcome the presumption of validity. Rather it is the burden of the governmental unit to justify the ordinance under the traditional tests of public health, safety, and welfare. See *Bristow v Woodhaven,* 35 Mich App 205 (1971). The township did not meet this burden. Although a parcel of land has been set aside under the present amended ordinance for trailer park

use, such use is still conditional upon the approval of the township zoning board. Furthermore, the record indicates that the land so set aside may not, as a practical matter, be available for trailer park use at all—the land in question being crossed by electrical high power lines.

It is apparent that in many areas of our state, trailer parks will win no popularity contests as additions to a community. But they do have a legal right to existence under reasonable regulation.

This case seems to me to be a typical example of de facto exclusion with a little dash of de jure recognition.

I would reverse and hold the ordinance unconstitutional as applied to plaintiffs' property.