ROBERTS *v.* CITY OF THREE RIVERS.

1. CERTIORARI—QUESTIONS REVIEWABLE.
    Questions of law only are· open for review on certiorari to a circuit court.

2. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—RESIDENCES—NARROW LOTS.
    The mere fact that platted lots are narrow does not destroy their utility for residence use in the absence of separate lot ownership and other interrelated circumstances of difficulty, hence, their inclusion in a residence zone under a city ordinance was not thereby shown to have been unreasonable; and precluded erection of trailer coach park service building thereon.

3. SAME—ZONING—COURTS.
    Courts are not equipped to rezone property, such being within the province of the local legislative body of a municipality.

Appeal from St. Joseph; Andrews (Mark S.), J. Submitted April 16, 1958. (Docket No. 77, Calendar No. 47,122.) Decided June 11, 1958.

Mandamus by William J. Roberts and Thelma·L. Roberts against the· City of Three Rivers, a municipal corporation, its city commission and certain of

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 10 Am Jur, Certiorari § 3.
[3] 58 Am Jur, Zoning § 231.

its officials, to compel issuance of a building permit for trailer park service building. Petition dismissed. Plaintiffs appeal. Affirmed.

*C. L. Stickler,* for plaintiffs.

*Leonard Bullard* (*William H. Culver,* of counsel), for defendants.

Black, J. Plaintiffs applied to the St. Joseph circuit for mandamus compelling the defendant city of Three Rivers to issue them a permit authorizing construction of a "community service building." The proposed building is designed by plaintiffs to "service (on plaintiffs' premises in Three Rivers) a possible 35 trailers under plans approved by the State health department for a trailer coach park." The writ was denied. Plaintiffs appeal on granted leave.

Plaintiffs are owners of an entire city block bounded north by Hill street, east by Douglass avenue and south by extended Swartz street, in Three Rivers. The west boundary of the block is the west city limit. The block consists of 7 large platted lots, each extending longitudinally east and west across the block. Plaintiffs also own 6 smaller lots, on the east side of Douglass, opposite the mentioned 7 lots. Starting in 1952 plaintiffs commenced renting a portion of the block for trailer coach living. Seven coaches were placed on the southernmost lot of the described block. Controversy having arisen with respect to possible violation of local ordinances (numbered respectively 166, 198 and 231) by such use of their property, plaintiffs proceeded— with approval of the city manager—to effect relocation of the 7 trailers so that one each stood separately upon a platted lot. Later, when it was discovered that plaintiffs' use of their property offended the

trailer coach park act in conjunction with a zoning ordinance of the city,* plaintiffs unsuccessfully sought to have their property rezoned for trailer coach use.    Thereupon the mentioned permit was sought, obviously to lay the groundwork for judicial test of the zoning ordinance (No 166).

When the issue arrived in circuit court it became apparent, and the trial judge properly so ruled, that the only issue open for judicial consideration was whether the zoning ordinance is constitutionally reasonable as applied to plaintiffs' said property.    Holding that a permit issued October 29, 1956, to said plaintiffs (pursuant to said section 5 of the statute relating to trailer coach parks) did not authorize what the zoning ordinance prohibits, the trial judge declared the essence of his reasons for denial of mandamus as follows:

"I drove through the area at some length recently, and I find as a matter of fact that this area is suitable for residence purposes.    I point out that the decision to limit the use to residences does not rest with the court, but is with the governing body of the city of Three Rivers.    If the land were not suitable for residential purposes then it might be held that it is unreasonable to so restrict it, and on that ground the use plaintiffs seek here would be available.    *    *    *

"I was unable to discern any use which is other than residential, except the parking of plaintiffs' trucks across the street and perhaps 1 or 2 pieces

* The provision of the statute (relating to trailer coach parks) which requires compliance with local ordinances is contained in section 5 thereof.    The provision reads:
"No approval of plans and specifications and the issuance of a permit to construct or make alterations upon a trailer coach park and the appurtenances thereto by the State health commissioner shall be construed as having been approved for other than sanitation. Such a permit does not relieve the applicant from securing building permits in municipalities having a building code; or from complying with any other municipal ordinance or ordinances, applicable thereto, not in conflict with this statute."    (CL 1948, § 125.755 [Stat Ann 1957 Cum Supp § 5.278(5)].)

of equipment behind the home, and certainly the law would not permit the plaintiff himself to establish that as a basis for contending that this property was not suitable for residence purposes when they reside there themselves. If they have their trucks parked across the street and the city does not consider that a violation of the ordinance, that is its right; but in passing on the question whether this ordinance is reasonable as to their land, the argument has no validity in my opinion.

"It does not appear by the testimony and inspection that there has been any encroachment so-called by the people residing in this area where the ordinance is effective. Except for the Precision Spring factory, which is outside of the zoning area, I am unable to find by any credible testimony that there is any commercial use of a substantial nature being made of the property in this area.

"The Court is of the opinion that the contemplated use is prohibited by the ordinance. It goes without saying that by permitting the construction of this service building and inviting the location of trailers thereon—I believe there was in one exhibit a drawing made—permitting some 35 trailers to be parked under authority of the State statute—such would constitute a business.    *    *    *

"I am unable to find under the facts in this case but that ordinary diligence, inquiry or investigation on their part would have disclosed that they were within the zoning area not permitting such use, and that the trailer coach park act did not, moreover, determine their right to have such a park. Before they went to the expenses claimed in making the improvements they claim to have made, they could have readily determined what their obligations were.

"Under the facts of the case therefore, and the law, I am constrained to dismiss plaintiff's petition."

Review here is on certiorari to one of our circuit courts. Questions of law only are open for review. The case turns on the petition-made issue of suitability of the described platted lots for residential

purposes. Citing *Rittnour* v. *Township of Dearborn,* 326 Mich 242, and stressing the fact that much of the property in the vicinity (including plaintiffs' said lots fronting on the east side of Douglass) is platted into lots of 25-foot width, plaintiffs insist that their said lands cannot be utilized for purposes as now zoned. Yet there is proof—aside from and in addition to the trial judge's reported examination of the area—that nearby property in the zone is in actual use for residential purposes as permitted by the ordinance. Narrow-lot platting alone does not destroy the zoned-to-permanent-residence utility of a given area. Separate lot ownership and other interrelated circumstances of difficulty, not shown here, must be added to that factor before this Court would assume to consider the finding—of constitutional unreasonableness—plaintiffs would have by mandamus. Confronting us, then, is no more than what we have come to know as a "debatable question," determination of which lies exclusively with the municipal legislative authority.

The writ in this case was denied prior to handing down of our comprehensively explained decision in *Brae Burn, Inc.,* v. *City of Bloomfield Hills,* 350 Mich 425. There is no occasion for review now, of what was said in *Brae,* with respect to the judicial function in zoning cases. Sooner or later we will get through and across to counsel that our circuit courts and this Court in turn are not equipped to rezone property and, subject only to the exceptional exceptions noted at conclusion of Mr. Justice SMITH's opinion in *Brae,*\* that relief in cases like this must

---

\* To adopt Mr. Justic VOELKER's picturesque expression, we must be shown, as a condition to entertainment of judicial review of surface zoning in its application to a given set of circumstances, something that "skates pretty close to confiscation" (*Frendo* v. *Southfield Township,* 349 Mich 693, 698). Looking at the legal ice and the municipal tracks made thereon, we find that Three Rivers has not so skated in this instance.

be sought exclusively in the local city hall. There, we respectfully suggest, is the forum where counsel should make the welkin ring when they conceive that their complaining clients have been treated unfairly by a poorly considered or wisdom-wanting municipal zoning enactment.

Affirmed.

SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred with BLACK, J.

DETHMERS, C. J., and CARR and KELLY, JJ., concurred in the result.