## DOUBLE I DEVELOPMENT COMPANY *v.* TOWNSHIP OF TAYLOR.

1. Townships—Zoning Ordinances.

A township may, by a valid zoning ordinance, restrict use within its limits of property which, prior to effectiveness of the ordinance, might legally have been devoted to any use not constituting nuisance.

2. Judgment—Trailer Coach Park—Zoning Ordinance—Injunction.

A final decree permitting plaintiff to establish a trailer coach park on its 33-acre tract in an industrial and commercial area under zoning ordinance then in effect did not permanently and in perpetuity enjoin the defendant township from refusing to permit a trailer park to be established.

3. Townships—Trailer Coach Park—Zoning Ordinances—Duration of Decree.

The failure of plaintiff property owner who had obtained a decree in 1956 permitting it to establish a trailer coach park

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Zoning § 8.
[2, 3, 5] 58 Am Jur, Zoning § 63.
Maintenance or regulation by public authorities of tourist or trailer camps, motor courts, or motels. 22 ALR2d 774.
[4] 35 Am Jur, Mandamus § 394.
[6] 35 Am Jur, Mandamus § 377.

on its property to proceed with the project until after the interposition in 1958 and 1960 of ordinances repealing the previous ordinance in effect in 1956, left, the property and the owner's rights therein subject to regulation by such new enactments as may be valid in law and of application.

4. MANDAMUS—CERTIORARI.
   The review of a circuit court mandamus proceeding is by an appeal in the nature of certiorari. ~·

5. TOWNSHIPS — ZONING ORDINANCE — MANUFACTURING — TRAILER COACH PARK.
   Township zoning ordinance which zoned plaintiff's 33-acre tract so as to limit it to manufacturing uses *held*, a valid, fair, and intelligent exercise of police power, where the property bordered a railroad and was surrounded on all sides except the south by below average housing area, industrial and commercial establishments, hence, plaintiff was not entitled to writ of mandamus to compel issuance of building permit to establish a trailer coach park.

6. MANDAMUS—BURDEN OF PROOF.
   The plaintiff in a mandamus proceeding has the difficult burden of proving that the defendant has the clear legal duty to act in the way plaintiff seeks.

Appeal from Wayne; Piggins (Edward S.), J. Submitted November 5, 1963. (Calendar No. 46, Docket No. 49,874.) Decided February 3, 1964.

Mandamus by Double I Development Company, a Michigan corporation, with Harry P. Park, Moe Saslove, and others subsequently added, against the Township of Taylor, a municipal corporation, and certain of its officials, to compel issuance of building permit for trailer coach park in area zoned for manufacturing. Writ denied. Plaintiffs appeal. Affirmed.

*Arthur L. Robbins,* for plaintiffs.

*William D. Ford,* Township Attorney, for defendants.

BLACK, J. This is another zoning case. The subject property, owned by plaintiffs, is situated in Wayne county's Taylor township. It consists of some 33 acres, lies adjacent to the east side of the D. T. & I. railroad right-of-way, and is bounded north by Goddard road, east by Jackson street and south by undeveloped acreage. Plaintiff seeks, by the instant mandamus proceeding, legal authority to establish and maintain thereon a trailer coach park.

We accept plaintiffs' summary of the development and nature of Taylor township zoning:

"At or about the time of the purchase of this property in 1956, Taylor township operated under the provisions of zoning Ordinance No 20. The property was then classified as 'Industrial A,' which permitted trailer coach park use. In January, 1958, the property was reclassified by Ordinance No 46. In January, 1960, the township adopted its so-called 'master plan' for zoning districts, known as amendatory Ordinance No 56, by the terms of which this property was reclassified to 'M-2' (restricted manufacturing) a prohibited use for trailer coach parks. Ordinance No 56 includes a classification for trailer coach parks known as 'R-4' (multiple family)."

The plaintiff development company originally applied—in late 1955—for permission to construct a trailer coach park on the described parcel. That application was denied. Such denial resulted in circuit court litigation culminating in a consent decree which upheld the development company's right to such permission. The decree required that, upon demand of the development company, the township "issue a certificate of compliance to this effect." It became final at expiration of 20 days next following its entry (March 6, 1956).

Ordinances Nos 46 and 56 having been enacted in the meantime, the next event of importance was the development company's second application for per-

mit to construct the desired park. That application was made September 28, 1960. It was denied. The instant petition for mandamus, to compel issuance of permit, followed. Mandamus was denied. Plaintiffs are here on granted leave to appeal.

Two decisive questions are presented. The first, taken from plaintiffs' brief, is:

"Did the decree [of March 6, 1956] of the court of chancery in case No 541–078 vest in plaintiffs a legal right to the use of their property for a trailer coach park, enforceable against the township by mandamus proceedings?"

The second, taken from defendants' brief, is:

"Is the presently existing township zoning ordinance, No 56, enacted January 4, 1960, zoning plaintiffs' property 'M–2, restricted manufacturing' unreasonable, arbitrary, capricious and discriminatory and, therefore, unconstitutional in its application to plaintiffs' property?"

*First:* Having obtained judicial authority, by the decree of March 6, 1956, to proceed as against then effective zoning with its undoubted right to construct and maintain the desired trailer coach park, the development company slept on such right until a new and superior right was lawfully interposed by Ordinances Nos 46 and 56.* The controlling rule is that a municipality may by valid ordinance restrict use of property within its limits; property which, prior to effectiveness of such ordinance, might legally have been devoted to any use not constituting nuisance. Consequently, we find ourselves in agreement with the essence of the circuit court's ruling:

"All that the prior decree did was to interpret the then existing and now revoked zoning Ordinance No 20, and in so doing that court held that by its lan-

* The circuit judge asked and appropriately answered: "What did plaintiffs do pursuant to the 1956 decree? They did nothing."

guage it permitted a trailer park use. That decree did not adjudicate the validity of any subsequent zoning ordinances. It did not interpret any subsequent zoning ordinances, nor did it permanently and in perpetuity, come what may, enjoin the defendants from refusing to permit a trailer park to be established on the subject property."

The township was possessed of legal right to enact Ordinances Nos 46 and 56 and to give them prospective legal effect. The failure of the development company, to proceed on strength of its adjudicated right until interposition some years later of Ordinances Nos 46 and 56, left its property and its rights subject to regulation by such new enactments, provided of course such new enactments are valid in law and valid of application. See *City of Lansing* v. *Dawley,* 247 Mich 394; *Franchise Realty Corp.* v. *Detroit,* 368 Mich 276; and *Expert Steel Co.* v. *City of Clawson,* 368 Mich 619. In short, the 1956 decree guaranteed plaintiffs a right as against the township's then existent zoning ordinance; that only.

*Second:* Here again is that elastic and elusive problem of "reasonableness" of an attacked zoning ordinance. This is a law case, however. Review is, as noted for the Court by Justice Kelly in the procedurally like case of *Trojan* v. *Taylor Township,* 352 Mich 636 at 640, "in the nature of certiorari." The circuit judge found, decisively and with fair testimonial support:

"With specific reference to the property, which is the subject matter of this controversy, its most logical use from a zoning point of view, would appear to be just what it's zoned for—manufacturing. A railroad runs adjacent to this particular property, a large concrete pipe manufacturing plant is located immediately adjacent to the west, an old below average housing area and a number of industrial and commercial establishments are located on the east. It is partly on the extreme eastern border line of

the township and in its entirety it is very close to the border line of the easterly border line of the township.

"There has been some hint or reference here that this zoning was deliberately created this way for the purpose of eliminating the plaintiff's use of the parcel which it owns. The court has listened carefully to that, because certainly if that were the case this court would make every effort to prevent it, but there is absolutely nothing in this record to indicate that there has been any attempt to eliminate the plaintiff by what has been referred to as 'phony or camouflage' zoning. The court cannot, therefore, on the basis of this record come to any other logical conclusion but that zoning Ordinance No 56 and the zoning of the area, which is the subject matter of this controversy, is reasonable and is a valid and fair and intelligent exercise of the police power and is a legal zoning ordinance, and this court so holds."

These findings leave plaintiffs in the same position, on review, as the like plaintiffs in mandamus found themselves in *Roberts* v. *Three Rivers,* 352 Mich 463. The reviewable question is no more than that which we have come to know as a "debatable question," and that question the circuit judge has "debated" to the negative with force substantially equal to plaintiffs' delivery for the affirmative.

Plaintiffs bore the burden of proving that defendants were under "clear legal duty" to issue a permit per application. Such burden is concededly difficult. For the applicable rule, see the regularly cited case of *Toan* v. *McGinn,* 271 Mich 28, 34. Plaintiffs did not sustain it below, and have failed to sustain it here.

Affirmed. Costs to defendants.

KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, SMITH, and O'HARA, JJ., concurred.

ADAMS, J., took no part in the decision of this case.