INVERNESS MOBILE HOME COMMUNITY v BEDFORD TOWNSHIP

Docket No. 236740. Submitted June 11, 2003, at Lansing. Decided August 10, 2004, at 9:00 A.M.

Inverness Mobile Home Community, Ltd., and Germano Management Company brought an action in the Monroe Circuit Court against Bedford Township relating to a zoning matter. The action was settled by a consent judgment. Five years later, the plaintiffs sought specific performance by the township of four paragraphs in the consent judgment that bound the defendant to amend the township master plan to allow for the plaintiffs' development of a manufactured home community whose location was not determined at the time of the consent judgment. The defendant sought relief from the consent judgment. The court, Harvey L. Koselka, J., concluded that the agreement to amend the master plan was against public policy, granted the defendant's motion for relief from judgment, and vacated those paragraphs and other provisions that referred to the disputed parcel from the judgment. The plaintiffs appealed, contending that the defendant's motion to set aside parts of the judgment was not timely and that the judge erred in determining that the parts vacated were void as against public policy as improper delegation by contract of the township's legislative powers.

The Court of Appeals *held*:

1. Although MCR 2.612(C)(2) limits revisiting a judgment for several reasons to one year from entry, MCR 2.612(C)(1)(d) provides that by motion within a reasonable time a judgment may be set aside, without time limit, if the judgment is void. Prior zoning authorities had negotiated the consent judgment five years earlier, the court had sealed the judgment after entry, and by the time the plaintiffs wanted to execute under the judgment, the township trustees then in office had only been aware of the judgment for seven months. Under those conditions the trial court correctly concluded that the motion was brought within a reasonable time.

2. The trial court correctly concluded that the disputed paragraphs are against public policy. A consent judgment that directs that the master plan for the township would be amended by a

future township board to permit a manufactured housing development constitutes an act that impermissibly contracts away the legislative powers of a future governing body. In this case, the precise terms of the disputed paragraphs demonstrated that the agreement was legislative in nature. Those paragraphs mandated both an amendment to the master zoning plan for a new manufactured home community development and that the future use was reasonable. These mandates of an earlier board deprived future boards of legislative discretion that public policy demands should be left unimpaired.

Affirmed and remanded.

ZONING — CONSENT JUDGMENTS — LEGISLATIVE DISCRETION — MASTER PLANS.

A consent judgment between developers and zoning authorities that mandates and specifies future master plan changes may be void if it improperly infringes the legislative discretion of a future township board to amend the master plan.

*Dykema Gossett PLLC* (by *Alan M. Greene* and *Zora E. Johnson*) for the plaintiffs.

*Foster, Swift, Collins & Smith, P.C.* (by *William K. Fahey* and *Michael D. Homier*), and *Lennard, Graham & Goldsmith PLC* (by *W. Thomas Graham* and *Philip D. Goldsmith*) for the defendant.

Before: MARKEY, P.J., and SAAD and WILDER, JJ.

PER CURIAM. Plaintiffs appeal by leave granted an order vacating paragraphs 10 through 13 of the consent judgment between plaintiffs, Inverness Mobile Home Community, Ltd., and Germano Management Company, and defendant Bedford Township, and also vacating any reference to the "future parcel," the subject of paragraphs 10 through 13, in other paragraphs of the parties' consent judgment. The consent judgment was entered after negotiations between the parties resolved a 1993 lawsuit that concerned a zoning dispute. We affirm.

I

In March 1993, plaintiffs sought rezoning of an 11.347 acre parcel of vacant land from RM-1 (Multiple Family Residential District) to MHP (Mobile Home Park District) in order to expand their existing mobile home park. Defendant Bedford Township denied this application on June 22, 1993. Plaintiffs filed suit challenging the denial on September 3, 1993.

The parties negotiated a settlement of the lawsuit, and a consent judgment reflecting the terms of the settlement was signed on June 28, 1995. In accordance with its terms, the consent judgment was filed with the trial court under seal and maintained as a confidential record. Paragraphs 1 through 9 of the consent judgment specifically addressed the 11.347 acre parcel, and neither the 11.347 acre parcel nor paragraphs 1 through 9 are the subject of this current appeal.

Paragraphs 10 through 13 of the consent judgment, which are the subject of this appeal, provide as follows:

10. Defendant and its agents, employees, representatives and officials hereby agree to amend the Bedford Township Master Plan, adopted in July 1993, to master plan another parcel of land in Bedford Township (hereinafter "the Future Property") for a new manufactured home community development. The Future Property shall be located in the southeast quadrant of Bedford Township; . . . shall not be less than 30 acres in size and not more than 100 acres in size, all of which property shall be contiguous; and shall not be located adjacent to land which is zoned R-1 on the June 1993 revision to the Bedford Township zoning district map.

11. Plaintiffs shall have five (5) years from the date of entry of this Consent Judgment to locate and option the Future Property. After Plaintiffs have identified a particular parcel as the Future Property, they shall, in writing,

notify Defendant of the Future Property's location. The Township shall have thirty (30) days from receipt of said written notice to confirm that the parcel meets the criteria for master planning set forth in paragraph ten (10) of this Consent Judgment. If so confirmed and/or if no response is received from the Township within thirty (30) days, the parcel identified by Plaintiffs shall automatically be deemed the Future Property referred to in this Judgment. If the Township objects to the Future Property identified by Plaintiffs as not meeting the criteria for master planning set forth in paragraph (10) of this Consent Judgment, it shall state its objections in writing within thirty (30) days of receipt of notice of the identity of the Future Property. If Plaintiffs disagree with the determination of the Township, and the matter cannot be resolved through good faith negotiations between the parties, plaintiffs may submit the issue to the Court within thirty (30) days of receipt of the Township's rejection for a determination as to whether the Future Property meets the criteria for master planning set forth in paragraph ten (10) of this Consent Judgment. The Court hereby reserves continuing jurisdiction to undertake the review called for herein, which review shall be *de novo*. The determination of the Court as to the compliance of any parcel of land with the terms and conditions herein shall be entered as a final declaratory judgment binding on all parties. All writings, communications and/or discussions between Plaintiffs and Defendant with respect to the proposed Future Property shall be strictly confidential, up [sic] until commencement of proceedings for the approval of the Master Land Use Plan and the decision to confirm or reject any particular parcel shall be made by the Township in executive session.

12. The parties hereby stipulate and agree that, when the Future Property has been identified either through agreement of the parties or judicial determination, development of a licensed manufactured home community on the Future Property shall be a reasonable use of said property and consistent with the Master Land Use Plan; that the denial of the use of the Future Property as a manufactured home community: would not advance a reasonable governmental interest, would constitute a

purely arbitrary, capricious and unfounded exclusion of a legitimate land use, and would not substantially advance a legitimate state interest. The parties hereby stipulate and agree that the Court shall retain continuing jurisdiction to enforce the parties' respective rights and obligations relating to the Future Property, as is appropriate.

13. After the Future Property has been identified through agreement of the parties or through judicial determination, Defendant shall have four months to master plan the Future Property for manufactured home community development. Thereafter, Plaintiffs shall apply for rezoning of the Future Property.

Five years later, on June 26, 2000, plaintiffs located and optioned a parcel of land that they contended met the requirements of the consent judgment. On July 26, 2000, defendant's attorney notified plaintiffs that, pursuant to paragraph eleven of the consent judgment, defendant objected to the parcel because the parcel failed to satisfy the consent judgment criteria in several respects. In response, plaintiffs filed a motion for review of the consent judgment, and, on January 17, 2001, the trial court held that the parcel met the criteria of the consent judgment. Thereafter, defendant moved for rehearing and asked for relief from the consent judgment, and contended, for the first time, that the consent judgment constituted an improper delegation of its legislative powers. Plaintiffs opposed the motion as untimely and argued that the consent judgment did not contract away legislative powers.[1]

The trial court granted defendant's motion for relief from judgment, and held that paragraphs 10 through 13 of the consent judgment operated to disenfranchise voters and inappropriately bind future township

---

[1] Landowners who lived near the parcel of land successfully moved to intervene as defendants and cross-plaintiffs and joined defendant's motion to set aside the consent judgment.

boards, and that, therefore, these provisions of the consent judgment were void as against public policy. On July 2, 2001, the trial court entered an order that vacated paragraphs 10 through 13 and set aside all other provisions of the consent judgment that referred to the disputed parcel. This appeal ensued.

II

"This Court reviews for abuse of discretion a trial court's decision on a motion to set aside a consent judgment." *Vestevich v West Bloomfield Twp,* 245 Mich App 759, 763; 630 NW2d 646 (2001). "An abuse of discretion involves far more than a difference in judicial opinion," *Alken-Ziegler, Inc v Waterbury Headers Corp,* 461 Mich 219, 227; 600 NW2d 638 (1999), and "exists when the result is so palpably and grossly violative of fact and logic that it evidences perversity of will or the exercise of passion or bias rather than the exercise of discretion." *Churchman v Rickerson,* 240 Mich App 223, 233; 611 NW2d 333 (2000). Issues of statutory construction are questions of law that we review de novo. *Gulley-Reaves v Baciewicz,* 260 Mich App 478, 484; 679 NW2d 98 (2004).

III

Plaintiffs contend that because defendant's motion to set aside certain aspects of the consent judgment was not filed within one year of entry of the judgment, it was untimely and the trial court abused its discretion in granting defendant's relief. We disagree that the motion was untimely, and find that the trial court did not abuse its discretion in entertaining the motion. MCR 2.612(C)(1)(d) provides that a final judgment may be set aside if the judgment is void. Defendant alleged in its motion that paragraphs 10 through 13 of the consent

judgment were void on the basis that the resolution by settlement of the subject matter of these paragraphs constituted an improper delegation of defendant's legislative authority by prior members of the township board. Though MCR 2.612(C)(2) requires that certain motions to set aside a judgment be brought within one year of the entry of judgment, a motion that seeks to set aside a judgment because it is void is not subject to the one-year requirement. Instead, such a motion may be heard by the trial court if it is brought within a reasonable time. Here, where the terms of the consent judgment had been negotiated by a prior board and the consent judgment was sealed by the trial court after its entry, and where the township trustees in office at the time the motion was brought had only been aware of the terms of the consent judgment for seven months, we cannot conclude that the trial court's finding that the motion was brought within a reasonable time was grossly violative of fact and logic. Thus, the trial court did not abuse its discretion.

Further, plaintiffs maintain that the trial court erred in finding that paragraphs 10 through 13 of the consent judgment were void as against public policy on the basis that the paragraphs disenfranchised voters and improperly restricted the legislative decision-making authority of future township boards. We disagree.

"The power to zone and rezone property is a legislative function." *Essexville v Carrollton Concrete Mix, Inc*, 259 Mich App 257, 265; 673 NW2d 815 (2003), citing *Schwartz v Flint (On Remand)*, 426 Mich 295; 395 NW2d 678 (1986); *Sun Communities v Leroy Twp*, 241 Mich App 665; 617 NW2d 42 (2000). The granting of a use variance from a zoning ordinance, on the other hand, does not amend the ordinance itself and, therefore, is an administrative function. See *Puritan-*

*Greenfield Improvement Ass'n v Leo*, 7 Mich App 659, 668; 153 NW2d 162 (1967) (stating that a zoning board of appeals, being without legislative power, may not, in the guise of a variance, amend the zoning ordinance or disregard its provisions). A township board may by consent judgment agree to grant a use variance, *Green Oak Twp v Munzel*, 255 Mich App 235, 242; 661 NW2d 243 (2003), and a consent judgment entered for this purpose is construed as a contract. *Gramer v Gramer*, 207 Mich App 123, 125; 523 NW2d 861 (1994). However, while a township board may, by contract, bind future boards in matters of a business or proprietary nature, a township board may not contract away its legislative powers. " 'The true test is whether the contract itself deprives a governing body, or its successor, of a discretion which public policy demands should be left unimpaired.' " *Harbor Land Co v Twp of Grosse Ile*, 22 Mich App 192, 205; 177 NW2d 176 (1970), quoting *Plant Food Co v City of Charlotte*, 214 NC 518, 520; 199 SE 712 (1938).

The question here is whether this consent judgment, directing that the master plan would be amended by a future township board to permit a manufactured housing development, constitutes an act that impermissibly contracted away the legislative powers of a future governing body. We hold that it does.

MCL 125.271 of the Township Rural Zoning Act provides in relevant part that a township board "may provide by zoning ordinance for the regulation of land development ... and other uses of land . . . ." MCL 125.273 provides in relevant part that "[t]he zoning ordinance shall be based upon a plan designed to promote the public health, safety, and general welfare . . . ." "Plan," as that term is used in MCL 125.273, means master plan. MCL 125.321. A master plan serves

as a general guide to future development, *Biske v City of Troy*, 381 Mich 611, 617-618; 166 NW2d 453 (1969), and is a factor in determining the reasonableness of a particular zoning classification. *Troy Campus v City of Troy*, 132 Mich App 441, 457; 349 NW2d 177 (1984). Because a zoning ordinance must be based on the applicable master plan, and because the master plan is a factor in determining the reasonableness of the zoning ordinance, the adoption of a master plan is tantamount to a legislative act.

The precise terms of the disputed consent judgment make it clear that the intent of the agreement is legislative in nature. Paragraph 10 of the consent judgment mandates the amendment of the master plan to provide for a new manufactured home community development, and paragraph 12 of the consent judgment provides that a future use consistent with the master plan is deemed reasonable. The language regarding future use that limits future boards from making determinations about what is reasonable deprives future boards of "discretion which public policy demands should be left unimpaired." *Harbor Land Co, supra* at 205 n 2.[2]

IV

We conclude that paragraphs 10 through 13 of the

[2] Thus, unlike the case of *Green Oak Twp, supra* at 242, in which the township board granted a use variance that neither resulted in a change in the zoning ordinance nor contemplated a future change in zoning, here the public is deprived of the avenues normally available to challenge the adoption of an amended zoning ordinance, including referendum. See MCL 125.282; *Scots Ventures, Inc v Hayes Twp*, 212 Mich App 530, 533-534; 537 NW2d 610 (1995) (where the township's comprehensive zoning plan recognized the reasonableness of a five-acre lot requirement and a referendum vote rejecting a zoning amendment to adopt a five-acre lot requirement and restoring a prior ordinance with a 10-acre lot requirement was set aside on the basis that the restored ordinance was arbitrary, capricious, and unreasonable).

consent judgment are void because the limitations on the amendment of the master plan constitute an improper infringement of the legislative authority of a future township board. Therefore, we affirm the trial court's order that vacates paragraphs 10 through 13 of the consent judgment, and we remand for further proceedings, including the reinstatement of the portions of plaintiffs' complaint resolved by the provisions of the consent judgment we find to be void.[3] We do not retain jurisdiction.

[3] We note that on appeal, plaintiffs assert that they have satisfied the remaining applicable terms of the consent judgment in reliance on the provisions that have now been voided. On remand, plaintiffs shall be entitled to amend their complaint to assert such claims arising from the satisfaction of the remaining parts of the judgment as may be viable under the facts of this case. See *B & M Die Co v Ford Motor Co*, 167 Mich App 176, 181-182; 421 NW2d 620 (1988).