# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLES MIRABELLA and JOANNE
MIRABELLA,

UNPUBLISHED
June 9, 2015

Plaintiffs-Appellants,

v

No. 320191
Alger Circuit Court
LC No. 2012-007163-PZ

TOWNSHIP OF AUTRAIN, AUTRAIN
TOWNSHIP BOARD, and AUTRAIN
TOWNSHIP PLANNING COMMISSION,

Defendants-Appellees,

and

AMY GRAMM, DENNIS GRAMM, REGINA
GRAMM, JOSEPH BUCK, AMY BUCK,
REGINALD DYER, CAROLYN DYER,
GREGORY GALUBA, THERESA GALUBA,
JOHN MCGRAW, and DENISE MCGRAW,

Defendants.

Before: GLEICHER, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

Plaintiffs appeal as of right from an order granting defendants summary disposition.[1]
Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS

On October 10, 2012, plaintiffs filed their complaint, seeking to enjoin defendants from
enforcing August 13, 2012 amendments to the Township zoning ordinance, which permitted
transient rentals in the area as a conditional use. Plaintiffs, who were residents of Florida, owned

---

[1] The individual defendants, plaintiffs' neighbors, were dismissed with prejudice by stipulation
of the parties. The term "defendants" refers to defendants-appellees.

-1-

vacation property on 16 Mile Lake in AuTrain Township. The property was located in the LS/R-2 zoning district. Plaintiff claimed that they relied on the previous zoning ordinance, which had prohibited transient rentals in the past. They claimed to have a vested property interest, entitling them to occupy their property "free from unreasonable interferences with their peaceable use and quiet enjoyment thereof." Plaintiffs' complaint alleged that defendants did not demonstrate an overriding change of circumstance within the master plan to justify divesting them of their vested rights. The complaint sought to restrain defendant from holding a public hearing on applications for conditional use permits and to enforce the prior zoning ordinance.

Defendants acknowledged that there was a "bitter and long standing controversy involving short term rentals" in the area. In fact, the Zoning Board of Appeals made a prior determination that the transient rentals were *not* legally conforming uses; this determination was affirmed by the circuit court in an earlier lawsuit by order dated August 5, 2010. *Verhame et al v AuTrain Twp Zoning Bd of Appeals*, 09-4948-AR. In that order, the circuit court reasoned:

> What is clear to this Court is that from 1979 to the present, commercial activity of the nature of the Petitioners was prohibited in both the RP classification under the former county ordinance and in the LS&R-2 classification of the current [zoning ordinance]. Simply put, an illegal non-conforming use cannot ripen into a legally conforming use on its own imagination or by the unilateral determination of a zoning administrator. . . .

Despite this order, neither the zoning administrator nor the township took any action to enforce the ordinance.

Plaintiffs then filed a mandamus action to compel enforcement, which was pending when they filed the instant action. *Mirabella v AuTrain Twp*, Alger County Circuit Court Case 11-7040-CE. In the meantime, the Township Planning Commission began working on a Master Plan. The Master Plan was adopted on October 10, 2011 and recommended that the zoning ordinance be amended to clarify regulations on transient rentals. The master plan provides that lakeshore and river areas in the township "do not permit resorts, lodges, or bed and breakfasts, as a permitted use nor as a conditional use. There has been a long-standing controversy in the Sixteen Mile Lake area concerning resorts and lodges operating around the lake." After noting the court cases and the continuing zoning prohibition on short-term rentals, the master plan states: "Should the Township wish to provide for alternative uses in these areas, amendments to the Zoning Ordinance would be required." Within the master plan's statements of goals and recommendations, the plan recommends amending the zoning ordinances "to clarify regulations on transient rentals." After review by the Central Upper Peninsula Planning and Development Commission (CUPPAD), the changes were adopted on August 13, 2012. As a result of the amendment, the circuit court dismissed the mandamus action as moot. Defendants moved for summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim) and (10) (no genuine issue of material fact), arguing that the amendment was presumed valid and that plaintiffs failed to allege that defendants' actions were arbitrary and capricious. Defendants argued that the area was still deemed residential and had not been re-classified; instead, anyone who hoped to become a renter would have to apply for a conditional use permit, which was not automatic. Defendants argued that, contrary to plaintiffs' assertions, plaintiffs did not have a vested right to have the zoning remain exactly the same as when they purchased their property.

Plaintiffs filed a competing motion for summary disposition, arguing that they had a preexisting interest that could not be defeated by a subsequent amendment of the zoning ordinance. Plaintiffs claimed that they relied on a 50-year history as well as the circuit court's decision in *Verhame,* that transient rentals were prohibited. They made numerous improvements to the cottage, hoping to continue to enjoy the character of the property. Plaintiffs claimed that the zoning amendment was an attempt to manufacture a defense to the "pending litigation," which was the mandamus action.

In denying plaintiffs' motion for summary disposition and granting defendants' motion, the trial court noted that an ordinance is presumed valid and that "no landowner has a vested right in a continuance of a particular type of zoning," and thus rejected plaintiffs' vested right theory. The court found there was no evidence "to suggest that the zoning ordinance is unreasonable or arbitrary" and there had been "no allegation that there was any wrongdoing in the process." Additionally, it found no evidence to suggest the amendment was done in defense against any claim. Plaintiffs now appeal as of right.

## II. STANDARD OF REVIEW

A trial court's ruling on a summary disposition motion is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

A MCR 2.116(C)(8) motion tests the legal sufficiency of the pleadings. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). Such a motion is decided on the pleadings alone without the support or opposition of affidavits. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 131; 839 NW2d 223 (2013). Given this posture, the court must "accept as true all factual allegations supporting the claim, and any reasonable inferences or conclusions that might be drawn from those facts." *Gorman*, 302 Mich App at 131. However, "only factual allegations, not legal conclusions, are to be taken as true" under MCR 2.116(C)(8). *Davis v Detroit*, 269 Mich App 376, 379 n 1; 711 NW2d 462 (2006). "[T]he mere statement of a pleader's conclusions, unsupported by allegations of fact, will not suffice to state a cause of action." *ETT Ambulance Serv Corp v Rockford Ambulance, Inc*, 204 Mich App 392, 395; 516 NW2d 498 (1994).

MCR 2.116(C)(10) provides that where "there is no genuine issue as to any material fact, . . . the moving party is entitled to judgment or partial judgment as a matter of law." Because such a motion tests the factual sufficiency of the complaint, this Court considers the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion. *Maiden*, 461 Mich at 120. When giving the benefit of reasonable doubt to the opposing party, if an issue upon which reasonable minds might differ is evident, a genuine issue of material fact exists. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).

## III. ANALYSIS

On appeal, plaintiffs argue that there was no need to clarify the regulation of transient rentals because they were never permitted under the zoning ordinance. They argue that their substantive due process rights were violated because their vested property interest was destroyed.

They further argue that the amendment is unenforceable because it was enacted to create a defense to the mandamus action. We disagree.

"Procedural due process serves as a limitation on governmental action and requires a government to institute safeguards in proceedings that might result in a deprivation of life, liberty, or property." *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 213; 761 NW2d 293 (2008). It requires that a party receive "notice of the nature of the proceedings and an opportunity to be heard by an impartial decision maker at a meaningful time and in a meaningful manner." *Id*. at 214. In contrast, "[t]o sustain a substantive due process claim against municipal actors, the governmental conduct must be so arbitrary and capricious as to shock the conscience." *Id*. at 198.

Generally, zoning ordinances follow a master plan, MCL 125.3203(1), and "a master plan serves as a general guide to future development and is a factor in determining the reasonableness of a particular zoning classification." *Inverness Mobile Home Community, Ltd v Bedford Twp*, 263 Mich App 241, 248-249; 687 NW2d 869 (2004) (citations omitted) (referencing the Township Rural Zoning Act). Here, the master plan noted the contentious nature of the rentals around 16 Mile Lake and included as a goal addressing the issue. Plaintiffs have not rebutted these facts nor shown that they are insufficient to guide zoning decisions in the township. Further, the actions taken by the township did not rezone the property, but only allowed a new conditional use, which required its own permitting procedure.[2] Plaintiffs admit that they contested these changes at the public hearings. They have failed to show any violation of procedural due process.

Plaintiffs next argue that the township's action was a violation of substantive due process because it destroyed a vested party interest. However, plaintiffs fail to show or cite any actual zoning ordinance that was changed; the property remains under the same zoning classification. We reject plaintiffs' reliance on *Lansing v Dawley*, 247 Mich 394; 225 NW 500 (1929). Plaintiffs do not allege that they hold a valid building permit. The additions to the building that they cite merely upgraded the amenities of a residential cabin, which was not impacted by the zoning classification and was done shortly after buying the cabin in 2009 and thus well before the current controversy. Their reliance on the circuit court ruling from 2010 is unpersuasive because that case merely determined the rights of the parties under the existing zoning ordinance and did not grant plaintiffs any particular use in their land.

We also find unpersuasive plaintiffs' reliance on *Keating Int'l Corp v Orion Twp*, 395 Mich 539; 236 NW2d 409 (1975). It cannot be said that the township's conduct demonstrated "bad faith and unjustified delay" because the township began the master plan process on September 15, 2011, while plaintiffs' mandamus action was not initiated until October 11, 2011, and the present case was not filed by plaintiffs until October 10, 2012. We note that the

---

[2] Even if the result was a change in zoning, "[n]o owner has a vested right in the continuance of a zoning once established." *Lamb v City of Monroe*, 358 Mich 136, 147; 99 NW2d 566 (1959).

-4-

mandamus action was dismissed as moot shortly after the present action was filed and plaintiffs did not appeal from that decision.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto