*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KAS DALALY,

Plaintiff-Appellee,

v

CHARTER TOWNSHIP OF WEST BLOOMFIELD
ZONING BOARD OF APPEALS,

Defendant-Appellant.

UNPUBLISHED
February 10, 2025
11:34 AM

No. 368665
Oakland Circuit Court
LC No. 2006-077016-AA

Before: BOONSTRA, P.J., and K. F. KELLY and YOUNG, JJ.

PER CURIAM.

Defendant, Charter Township of West Bloomfield Zoning Board of Appeals (hereinafter, "the ZBA"), appeals as of right the trial court's order of October 30, 2023, affirming a prior order of September 29, 2008, and remanding to the ZBA to grant use variances, which were previously granted on February 7, 2012, to plaintiff for his property. Plaintiff, Kas Dalaly, argues on appeal that a zoning use variance is a vested property right. We reverse and remand for further proceedings because a zoning use variance is a vested property right only if the variance is acted upon by the applicant.

## I. BACKGROUND

This matter stems from the ZBA's June 6, 2006 denial of plaintiff's application for variances on his property. A portion of the property is zoned as single family residential (R-10) and another portion is zoned as general business district (B-3). According to plaintiff's proposal for a variance, the property encompasses "Lots 9-16 of Twin Beach Country Club Subdivision" and is a "[v]acant parcel on the east side of Green Lake Road, north of Pontiac Trail" in the township of West Bloomfield. In 2003, plaintiff sought a use variance to create a parking lot and a new commercial building on his property. On October 5, 2004, the ZBA denied plaintiff's

-1-

request.[1]  Plaintiff revised his proposal for the new building and parking lot and presented it to the ZBA.  The ZBA again denied plaintiff's request.

Plaintiff filed a claim of appeal in the trial court challenging the ZBA's denial of his request for variances on June 6, 2006.  The ZBA requested dismissal of the appeal because it was within its discretion to deny the request.  The trial court deferred making a ruling, but remanded the matter to the ZBA to explain its decision and provide plaintiff guidance "as to the number, nature and extent of the variances that the ZBA would find appropriate."  Plaintiff slightly altered his proposal and requested the same variances.  The ZBA again denied plaintiff's proposal, citing the proposed building square footage.

Plaintiff filed a supplemental brief in the trial court, arguing it was unreasonable for the ZBA to limit the size of a building on his property, and it was not viable to construct his building under the imposed size constraints.  The trial court held a hearing and stated if the variances are not granted as requested by plaintiff, the property "cannot be used for its zoned purpose" and denial will adversely affect the profitability of the property.  The trial court remanded the case to the ZBA "to issue the variances necessary to accommodate the building of a 3,352 square foot commercial building on [plaintiff's] property[.]"

At a meeting on February 7, 2012, the ZBA addressed the variances on plaintiff's property.  After discussion by the ZBA, it moved to "grant the minimum variances necessary to accommodate a commercial building not to exceed 3,352 square feet total."  Despite that plaintiff had one year under the township of West Bloomfield's zoning ordinance to act on the variances before they expired, plaintiff never obtained a building permit, and construction never commenced.

Five years after the ZBA granted the variances, on March 20, 2017, the Board of the Charter Township of West Bloomfield adopted Ordinance CZ15-03, amending Chapter 26 of the Code of Ordinances, § 7.16.  Specifically, under § 7.16-6-A, the ZBA was no longer authorized "to grant use variances."  The zoning ordinance took effect on April 5, 2017.  The amendment was consistent with the Michigan Zoning Enabling Act ("MZEA"), MCL 125.3101 *et seq*.

In 2018, plaintiff petitioned the ZBA for the "court ordered variances granted pursuant to [the] 2008 Court Order" because the prior variances granted by the ZBA were ineffective under Ch 26, § 7.16-6-G of the township of West Bloomfield's zoning ordinance "since no building permit was applied for or obtained within one (1) year of approval."  The petition was denied because (a) plaintiff requested "more square footage" than approved and, (b) because the Township of West Bloomfield amended its zoning ordinance on March 20, 2017, to "no longer grant[] use variances," the property was zoned for residential use and "could not be granted a use variance for a parking lot . . . for a commercial use."

On April 5, 2023, plaintiff moved to hold the ZBA in civil contempt under MCL 600.1701(g) for failing to abide by the trial court's order of September 28, 2008.  Plaintiff contended the order of September 29, 2008, granted plaintiff a vested property right "to proceed

---

[1] Plaintiff filed an appeal of the ZBA's first denial of his request in the trial court on December 14, 2004, under case number 04-062985-AA.  This case was dismissed by the trial court.

with his project[.]" Plaintiff moved "to preserve his property rights" before the 15-year statute of limitations tolled under MCL 600.5801(4). The ZBA requested relief from judgment under MCR 2.612(C)(1)(d) and (e). The trial court held a hearing and noted: "I'm not seeing how that [September 29, 2008] order is an interest in land[.]" The trial court, however, granted an adjournment. Plaintiff filed a supplemental motion and brief, arguing he had a vested right in the use variance. Plaintiff requested the trial court remand to the ZBA to approve the variances ordered on September 29, 2008. The ZBA requested relief under MCR 2.612(C)(1)(d) and (e).

The trial court held a hearing and noted, "if a variance is a variance without a shelf life, and if that is the definition of the variance in the Court's order, [plaintiff] wins, and if [a] variance is defined per the ordinance of the municipality with a one-year shelf life, then [the ZBA] prevails." The trial court stated it would not hold the ZBA in contempt, but adopted plaintiff's "reasoning in support of [his] motion." The trial court found: "[W]hen the Court ordered a variance, the Court ordered a variance without any footnote, without any shelf life." The trial court reaffirmed its order of September 29, 2008, found plaintiff possessed "a vested right in the use variances previously granted" and remanded the matter to the ZBA "to fulfill the requirements of the September 29, 2008, order of this Court." The ZBA now appeals.

## II. ANALYSIS

## A. RELIEF FROM JUDGMENT

The ZBA contends the trial court erred by denying its motion for relief from judgment under MCR 2.612(C)(1)(d) and (e)[2] because the ZBA fulfilled the requirements of the September 29, 2008 order by granting the variances. By no fault of the ZBA, those variances expired and became null and void, and the ZBA no longer possesses legal authority to grant the requested use variances to plaintiff. We agree with the ZBA.

---

[2] MCR 2.612(C)(1) states, in relevant part:

(C) Grounds for Relief From Judgment.

(1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

* * *

(d) The judgment is void.

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

-3-

## 1. STANDARDS OF REVIEW

This Court "reviews de novo . . . the proper interpretation and application of statutes and court rules[.]" *Safdar v Aziz*, 501 Mich 213, 217; 912 NW2d 511 (2018). "We also review de novo the proper interpretation and application of the City's ordinances." *Comm for Marshall-Not the Megasite v City of Marshall*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 369603); slip op at 7 (citations omitted). "De novo review means we review this issue independently, without any required deference to the trial court." *Safdar*, 501 Mich at 217. "This Court reviews both a trial court's decision whether to set aside a prior order or judgment under MCR 2.612(C)(1) . . . for an abuse of discretion." *CD Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich App 389, 421-422; 834 NW2d 878 (2013). "The trial court abuses its discretion when its decision falls outside this range of principled outcomes." *Pontiac Fire Fighters Union Local 376 v City of Pontiac*, 482 Mich 1, 8; 753 NW2d 595 (2008).

## 2. THE ZBA COMPLIED WITH THE TRIAL COURT'S 2008 ORDER

The ZBA has "the powers and duties authorized by the [MZEA], . . . found at MCL 125.3101 *et seq.*, as amended." Charter Township of West Bloomfield Ordinance, § 7.16-1-A. "The zoning of land is a reasonable exercise of government police power." *Paragon Props Co v City of Novi*, 452 Mich 568, 573; 550 NW2d 772 (1996). "The power to zone and rezone property is a legislative function. The granting of a use variance from a zoning ordinance, on the other hand, does not amend the ordinance itself and, therefore, is an administrative function." *Inverness Mobile Home Community, Ltd v Bedford Twp*, 263 Mich App 241, 247; 687 NW2d 869 (2004) (quotation marks and citations omitted).

On September 29, 2008, the trial court remanded the matter to the ZBA "to issue the variances necessary to accommodate the building of a 3,352 square foot commercial building" on the property. It is undisputed the ZBA possessed the legal authority to grant use variances when it did so at the meeting on February 7, 2012. The trial court's order, however, did not address what would happen to the variances in the event the Township of West Bloomfield amended its zoning ordinances. See *Double I Dev Co v Taylor Twp*, 372 Mich 264, 267-268; 125 NW2d 862 (1964) (stating a "prior decree" did "not interpret any subsequent zoning ordinances" or prevent the township . . . from enacting new zoning ordinances). The ZBA carried out the trial court's mandate by granting to plaintiff the requested variances on February 7, 2012, and no further action was required to comply with the order.

## 3. BECAUSE PLAINTIFF FAILED TO ACT, THE GRANTED USE VARIANCES WERE NULL AND VOID, AND A PROPERTY RIGHT DID NOT VEST TO RUN WITH THE LAND

Plaintiff contends he possessed a vested property right to the variances by the September 29, 2008 order, the variances run with the land and are unaffected by the amendment to the zoning ordinance, and the ZBA must grant the requested variances for him to proceed with the project on his property. This argument lacks merit.

"A land use variance essentially is a license to use property in a way not permitted under an ordinance." *Paragon Props Co*, 452 Mich at 575. Plaintiff attempts to distinguish use variances

and dimensional variances, however, there is "no meaningful distinction between a use variance and a dimensional variance insofar as each allows landowners to use land in a manner that would not otherwise be permitted under a strict application of the zoning ordinance." *Frericks v Highland Twp*, 228 Mich App 575, 583; 579 NW2d 441 (1998) (quotation marks omitted).

"If the use of a dwelling, building, or structure or of the land is lawful at the time of enactment of a zoning ordinance or an amendment to a zoning ordinance, then that use may be continued although the use does not conform to the zoning ordinance or amendment." MCL 125.3208(1). Further:

> A prior nonconforming use is a vested right in the use of particular property that does not conform to zoning restrictions, but is protected because it lawfully existed before the zoning regulation's effective date. . . . Generally, to establish a prior nonconforming use, a property owner must engage in work of a substantial character done by way of preparation for an actual use of the premises. Once a nonconforming use is established, a subsequently enacted zoning restriction, although reasonable, will not divest the property owner of the vested right. [*Heath Twp v Sall*, 442 Mich 434, 439; 502 NW2d 627 (1993) (quotation marks and citations omitted).]

"Nonconforming use involves the physical characteristics, dimensions, or location of a structure, as well as the use of the premises." *Edward C Levy Co v Marine City Zoning Bd of Appeals*, 293 Mich App 333, 342; 810 NW2d 621 (2011).

With regard to when an approved use variance takes effect, the West Bloomfield Charter Township Ordinance stated:

> In the event a building permit cannot be issued until an applicant obtains a variance from a zoning ordinance regulation, *the approved variance shall take effect upon the issuance of the building permit. If the building permit application is not submitted within one (1) year of the date that the written approval letter notifying the applicant of the Board decision is issued, the variance approval shall not take effect and shall be null and void.* Upon request, the [ZBA] may extend the time period to obtain the building permit provided that the request for extension is filed within one (1) year of the date that the written approval letter notifying the applicant of the Board decision is issued. If an extension is not requested before the expiration of one (1) year, the applicant shall file a new application[.] [Charter Township of West Bloomfield Ordinance, § 7.16-6-G (emphasis added).]

In other words, plaintiff had one year from the time his zoning use variance was granted to obtain a building permit, and the variance did not take effect, i.e. it did not vest, until a building permit was issued. This would have constituted engaging "in work of a substantial character done by way of preparation for an actual use of the premises." *Sall*, 442 Mich at 439 (quotation marks and citations omitted).

This Court's opinion in *Norman Corp v City of East Tawas*, 263 Mich App 194, 202-203; 687 NW2d 861 (2004), is instructive. The plaintiffs requested a variance for signs to be placed on

their building. *Id*. at 196-198. When the East Tawas Zoning Board of Appeals granted the variance, the local zoning ordinance allowed signs "to a maximum of two hundred square feet[.]" *Id*. at 202. The plaintiffs "failed to erect the signs permitted under that variance" and, under the local zoning ordinance, "were null and void" because they were "not acted on within one year." *Id*. at 203. The plaintiff's subsequent request for a sign permit was denied by the City of East Tawas's planning commission because the "proposed signs would exceed the number and size permitted under the city's sign ordinance." *Id*. at 196. The East Tawas Zoning Board of Appeals denied plaintiffs' request for a variance because, under "the current ordinance," signs were limited in size "to a maximum one hundred square feet." *Id*. at 197, 203. This Court stated:

> [The] plaintiffs' problem was self-created because the building was built with knowledge of the 1992 zoning restriction that required plaintiff pursue a variance for their proposed signs. [The p]laintiffs did pursue and were granted a variance but failed to act on that grant and are, therefore, now bound by the current ordinance, which limits signs to a maximum one hundred square feet. [*Id*. at 203.]

In this case, as with *Norman Corp*, because plaintiff never acted upon the variances granted to him on February 7, 2012, he never acquired a vested property right. In other words, there was no "use" to be continued. It is undisputed that plaintiff did not apply for a building permit to proceed with construction of his retail building on the property within one year after the variances were granted, and there was no construction on the property. Under the plain language of the applicable zoning ordinance, the approval of the variances expired and became null and void, and plaintiff never timely requested the ZBA to extend the time period to secure a building permit. Charter Township of West Bloomfield Ordinance, § 7.16-6-G. It is undisputed the variances became ineffective as a result.

### 4. PLAINTIFF IS BOUND BY THE TOWNSHIP'S NEW ORDINANCE AND THE ZBA CANNOT REISSUE THE VARIANCES

"In determining which version of a zoning ordinance a court should apply, the general rule is that the law to be applied is that which was in effect at the time of decision." *Landon Holdings, Inc v Grattan Twp*, 257 Mich App 154, 161; 667 NW2d 93 (2003) (quotation marks and citations omitted). There are two exceptions to this rule:

> (1) A court will not apply an amendment to a zoning ordinance where . . . the amendment would destroy a vested property interest acquired before its enactment . . . ; and (2) a court will not apply the amendment where the amendment was enacted in bad faith and with unjustified delay. [*Id*. (quotation marks and citations omitted).]

On March 20, 2017, the Township of West Bloomfield adopted a new ordinance, amending its zoning ordinance to no longer permit the ZBA to grant use variances. Charter Township of West Bloomfield Ordinance, § 7.16-6-A. The ZBA now has authority to "hear and decide appeals from and review any administrative order, requirement, decision, or determination made by an administrative official charged with enforcement of the zoning ordinance." Charter Township of West Bloomfield Ordinance, § 7.16-3-A. Ordinance No. CZ15-03, adopted on March 20, 2017, amended the zoning ordinances.

The Township of West Bloomfield had the "legal right" to enact new ordinances, which have "prospective legal effect." See *Double I Dev Co*, 372 Mich at 268. Typically, an amendment to a zoning ordinance would not prevent a "lawful use that existed before the restriction[.]" See *Heath Twp*, 442 Mich at 439. Plaintiff maintains he cannot develop his property without the use variance for parking on the portion of the property zoned as single family residential. However, plaintiff never established a vested property right for a nonconforming use of the property before the zoning ordinance was amended to preclude the ZBA from granting use variances. Stated differently, the ZBA's inability to grant the use variance does not divest plaintiff of any property right because plaintiff's right did not vest—plaintiff did obtain a building permit or engage in work on the proposed new retail building. See *id*. ("Generally, to establish a prior nonconforming use, a property owner must engage in work of a substantial character done by way of preparation for an actual use of the premises."); see also MCL 125.3208(1).

Similar to the plaintiff in *Norman Corp*, 263 Mich App at 202-203, plaintiff in this case pursued and was granted a use variance for his property but failed to take the action required. Because the variances granted to plaintiff were not acted on within one year, they expired and were null and void. *Id*. Plaintiff's problem is self-created, and as with *Norman Corp*, we are bound to apply the zoning ordinance as amended, which precludes the ZBA from granting a use variance. *Landon Holdings, Inc*, 257 Mich App at 161. Therefore, the ZBA is entitled to relief from the trial court's order under MCR 2.612(C)(1)(d) and (e).

## B. MOTION FOR CIVIL CONTEMPT

The ZBA contends the trial court erred by granting plaintiff's motion for civil contempt under MCL 600.1701(g) because the ZBA did not disobey any court order, and under MCL 600.5801(4) because no interest in land was at issue.

"We review for an abuse of discretion a trial court's issuance of a contempt order, but we review for clear error its underlying factual findings, and we review de novo questions of law." *Davis v City of Detroit Fin Review Team*, 296 Mich App 568, 623; 821 NW2d 896 (2012). "A finding is clearly erroneous when this Court is left with the definite and firm conviction that the trial court has made a mistake." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 18. This Court "reviews de novo . . . the proper interpretation and application of statutes and court rules[.]" *Safdar*, 501 Mich at 217.

MCL 600.1701(g) states:

> The supreme court, circuit court, and all other courts of record, have power to punish by fine or imprisonment, or both, persons guilty of any neglect or violation of duty or misconduct in all of the following cases:

> \* \* \*

> (g) Parties to actions, attorneys, counselors, and all other persons for disobeying any lawful order, decree, or process of the court.

MCL 600.5801(4) states:

No person may bring or maintain any action for the recovery or possession of any lands or make any entry upon any lands unless, after the claim or right to make the entry first accrued to himself or to someone through whom he claims, he commences the action or makes the entry within the periods of time prescribed by this section.

\* \* \*

(4) **Other cases**. In all other cases under this section, the period of limitation is 15 years.

Although plaintiff moved to hold the ZBA in civil contempt, the trial court did not specifically state whether it granted or denied either (1) plaintiff's initial motion for civil contempt or (2) plaintiff's supplemental motion for the ZBA to acknowledge his vested right in the use variance. The trial court broadly stated it "adopt[ed]" plaintiff's "reasoning in support of" his motion and proceeded to reaffirm the order of September 29, 2008, finding plaintiff possessed "a vested right in the use variances previously granted." The trial court remanded to the ZBA to grant the variances. However, without explanation, the trial court articulated "the order is not a contempt order." Because the trial court did not explicitly hold the ZBA in contempt, these issues are moot and cannot be decided. See *Garrett v Washington*, 314 Mich App 436, 449; 886 NW2d 762 (2016) ("This Court does not decide moot issues.").

## III. CONCLUSION

The trial court abused its discretion by denying the ZBA relief from the trial court's order of September 29, 2008. The order of October 30, 2023, is reversed and relief from judgment under MCR 2.612(C)(1)(d) and (e) must be entered in favor of the ZBA.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Adrienne N. Young